EX PARTE WHARTON BRANCH.

*No. 1450.    Decided October 28th, 1896.*

**1.   Habeas Corpus—Appeal In—Defendant Must be in Custody.**

Where relator, in a habeas corpus proceeding, has been remanded to custody by the court, if he appeals from said judgment, he must remain in actual custody until his appeal is disposed of by this court. · He cannot prosecute his appeal by entering into bond or recognizance for his appearance before the trial court.

**2.   Habeas Corpus—Right to Where There is a Judgment.**

Judgments of inferior courts cannot be attacked by writ of habeas corpus unless the judgment is absolutely void.    In such case only, where the judgment is absolutely void for want of power or jurisdiction in the court to act in the particular case, can the writ be resorted to after judgment.

APPEAL from the County Court of Waller.    Tried below before Hon. A. G. LIPSCOMB, County Judge.

Relator was convicted of an aggravated assault and battery, in the Criminal District Court of Harris County.    He appealed to this court and the judgment was affirmed.    Branch v. State, 35 Tex. Crim. Rep., 304. He applied for and obtained a writ of habeas corpus from the County Judge of Waller County.    On the hearing of the writ, he was remanded to the custody of the sheriff of Harris County.    From that judgment he prosecutes this appeal .by recognizance.

The Assistant Attorney-General moved to dismiss this appeal, because it appears that relator is not actually restrained of his liberty pending the appeal, and because an appeal in such case cannot be prosecuted on an appearance or appeal bond, or recognizance.

*Seay & Seay* and *Hudson & Seay*, for relator.

*Mann Trice*, Assistant Attorney-General, for respondent.

HENDERSON, JUDGE.—The relator in this case was heretofore convicted of the offense of aggravated assault and battery in the Criminal District Court of Harris County, and prosecuted his appeal to this court, and the judgment was affirmed.    On the 28th day of May, 1896, appellant petitioned the County Judge of Waller County for a writ of habeas corpus.    The petition was granted, and the writ issued.    Said petition alleges:   "That he was held under a commitment of capias pro fine, issued from the Criminal District Court of Harris County, on the 15th day of May, 1896, and also alleges that the proceeding in the Criminal District Court of Harris County was void because it had no jurisdiction to try the case, in that the offense was committed in Waller County, and not within four hundred yards of the boundary line of Harris County, and that he had been tried in the Justice Court, Precinct

No. 1, of Waller County, upon a valid complaint and affidavit, and in said Justice Court convicted for the same offense, and that by the trial in Waller County he was placed in jeopardy; and he further alleges that at the time of said alleged assault he was temporarily unconscious and delirious from fever, and that he did not, therefore, and could not, waive his former jeopardy, or the want of the jurisdiction of the Criminal District Court of Harris County on account of said mental condition." Upon the trial of the case, the County Judge remanded the relator to the custody of the sheriff of Harris County. From this judgment relator prosecuted an appeal to this court, and gave a recognizance for his appearance before the County Judge of Waller County to abide the judgment of this court on his appeal. It has been so long and so well settled in this State that the relator in this character of case cannot prosecute an appeal by entering into bond, but must remain in custody pending the appeal, that we deem it unnecessary to discuss it, or refer to the authorities. Where a party prosecutes an appeal in a habeas corpus proceeding, where the court has remanded him to custody, he must remain in actual custody until this court has disposed of that appeal. The giving of a bond or recognizance for his appearance before the court does not fulfill the demands of the law, which requires that he shall be kept in custody. We desire to say, in passing, that the petition before us shows, in the face of the statements made therein, no reason why this writ should have been granted, for the very questions involved in this application were necessarily involved in the trial before the Criminal District Court of Harris County, and were there found adversely to the appellant, and the decision of that court was affirmed by this court on appeal. It has long since been settled that the judgments of inferior courts cannot be attacked by writ of habeas corpus, unless the judgment is absolutely void; and also that for all mere irregularities which do not affect the question of power or the jurisdiction of the court to act in the case, and which the party can avail himself of by appeal, the writ of habeas corpus cannot be resorted to. See, Ex parte Ezell, 40 Texas, 451; Ex parte Dickerson, 30 Tex. Crim. App., 448, and authorities cited. To allow a writ of habeas corpus to a prisoner after conviction, either for a felony or a misdemeanor, and thus to avail himself of some matter of defense necessarily involved in the original action, would be to give this writ a power never intended, and would be a travesty upon the law. In such case only, where the judgment of conviction is absolutely void for want of power or jurisdiction in the court to act in the particular case, can the writ be resorted to after judgment. See, Ex parte Reynolds, 35 Tex. Crim. Rep., 437. The petition in this case on its face showed that this was not such a case, and the County Judge to whom it was presented should have promptly declined to interfere with the process of the Criminal District Court of Harris County. As was said in the case of Ex parte Erwin, 7 Tex. Crim. App., 288: "The laws of this State have already been delayed sufficiently in their execution by the applicant, who has failed to properly submit himself to their operation,

but who seeks a judgment standing sufficiently afar to evade its operation if it be adverse, and sufficiently near to avail himself of its protection if it be favorable." The court below ought not to have granted the writ, and we here dismiss the appeal, because the record shows him to be at large, but who is none the less subject to the jurisdiction of the Criminal District Court of Harris County, and he is amenable to the process of that court; and the clerk of this court is instructed to transmit a copy of this judgment both to the County Court of Waller County and the Criminal District Court of Harris County.

*Appeal Dismissed.*

HURT, Presiding Judge, absent.

[NOTE.—Appellant's motion and amended motion for rehearing overruled without a written opinion.—Reporter.]