### EX PARTE MARIE MORGAN.

No. 305.    Decided December 15, 1909.

Rehearing denied January 12, 1910.

**1.—Habeas Corpus—Contempt—Jurisdiction—Judgment—Affidavit.**

A person in custody under a judgment or order of a court of competent jurisdiction, in either a criminal or civil proceeding, cannot obtain his discharge on *habeas corpus* on account of irregularity or errors in the judgment, the proceedings on which it was founded, or in the process under which he was held, and habeas corpus will not lie, where it appeared relator had violated an injunction of the District Court, on the ground that the affidavit for his arrest was not filed by the plaintiff, his agent or attorney.

**2.—Same—Constitutional Law—Caption of Bill—More than One Subject.**

The Act of the Thirty-first Legislature providing for an injunction against the keeping of bawdy houses does not contravene section 35, article 3, of the Constitution of Texas, and is constitutional. Following Lane v. Bell, 115 S. W. Rep., 918.

**3.—Same—Statutes Construed—Repeal by Implication.**

Article 362b, Act of the Thirty-first Legislature, which provides that the citizen suing out the injunction shall not be required to show that he is personally injured by the acts complained of, was not repealed by section 3 of article 2989, Revised Civil Statutes, as amended by the Thirty-first Legislature, page 35, General Laws.

. From Cooke . County.

Original .application for writ of habeas· corpus asking release from arrest for violating an injunction of the District Court restraining relator from keeping a .bawdy house.

The opinion states the case.

*Stuart & Bell*, for relator.—On question of affidavit not made by principal, agent or attorney: Ex parte Kearby, 35 Texas Crim. Rep., 634, 34 S. W. Rep., 962; Ex parte Morgan, 48 Texas Crim. Rep., 108, 86 S. W. Rep., 755; Ex parte Garza, 50 Texas Crim. Rep., 106, 95 S. W. Rep., 1059; Ex parte Terrell, 95 S. W. Rep., 536. On question of unconstitutionality of the Act of the Thirty-first Legislature: Cannon v. Hemphill, 7 Texas, 184; Giddings v. City, 47 Texas, 548; Ex parte Anderson, 81 S. W. Rep., 973.

· *F. J. McCord*, Assistant Attorney-General, for the State.

*Davis & Thomason*, for respondent.—When the trial court has jurisdiction of the subject matter. and of the person, habeas corpus will not lie for irregularity of procedure: Ex parte Scwartz, 2 Texas Crim. App., 74; Ex parte Boland, 11 Texas Crim. App., 159; Ex parte McGill, 6 Texas Crim. App.; 498. Upon question of affidavit: Ex parte Dupree, 105 S. W. Rep., 493, and authorities cited in the opinion.

RAMSEY, Judge.—This is an original application for writ of habeas corpus, filed in this court on the 16th day of October, 1909, and was made returnable on the 27th day of the same month, when the application was presented on oral argument both by counsel for the State and for relator.

An agreed statement of facts was filed in the case from which it appears that on the 15th day of April, 1908, R. V. Bell instituted suit in the District Court of Cooke County, seeking an injunction against relator charging that she was engaged in keeping a bawdy house as defined in article 359 of the Penal Code. Temporary injunction was granted, after a hearing, by Hon. Clem B. Potter, judge of the 16th Judicial District of Texas, on June 15, 1908, restraining relator. from permitting prostitutes to ply their vocation upon said premises. From said order an appeal was. prosecuted to the Court of Civil Appeals for the 2d Supreme Judicial District of Texas, and on January 9, of this year, judgment was in said court rendered affirming the judgment of the District Court granting said temporary writ. of injunction. Lane v. Bell, 115 S. W. Rep., 918. Thereafter and within the time provided by law relator, in the case last named, applied to our Supreme Court for writ of error, which was denied. The mandate of the Court of Civil Appeals in said cause was filed in

the District Court of Cooke County on August 3, of this year. On the 9th day of October, 1909, application was made by counsel for R. V. Bell, plaintiff in the cause above named, for attachment against relator setting up a violation and disregard of the injunction theretofore granted. This application was signed by counsel for R. V. Bell, and was made in his behalf. It was sworn to, however, by J. A. Atchison, a citizen of Gainesville, who averred that the allegations contained in the application were true. It is admitted that Atchison was neither the agent nor attorney of said Bell; that he made the affidavit at the request of Bell's counsel. On the same day Judge Clem B. Potter entered an order on said application to enforce his judgment; and on the same day the clerk of the District Court of Cooke County issued a writ of attachment, directed to the sheriff or any constable of Cooke County, and same was placed in the hands of H. P. Ware, Sheriff of Cooke County, who took relator under such process into his custody. That thereafter on the 15th day of October, 1909, R. V. Bell himself filed statutory oath in said case affirming that the allegations contained in the application to enforce writ of injunction filed in the cause on the 9th day of October preceding, were true. It is agreed, however, that the filing of this affidavit was unknown to the said Marie Morgan and her counsel until after the issuance of writ of habeas corpus by this court. In this state of the record relator relies for release upon several propositions.

1. It is contended that inasmuch as the original affidavit for attachment was not filed either by the plaintiff, his agent or attorney, that all subsequent proceedings should be treated as void and without authority of law, for that article 3012 of the Revised Statutes expressly provides that the attachment in contempt for the violation of an injunction shall be issued by the court or judge when the complainant, his agent or attorney shall file in the court or with the judge *his affidavit* stating the person guilty of such disobedience. And that under the conceded facts Atchison was neither the agent nor the attorney of R. V. Bell and that the whole proceedings must fail, and the arrest and detention of relator were without authority of law. They further contend that if the original detention and arrest were without warrant of law, that the validity of this process could not be aided by filing thereafter proper affidavit. They also contend that the Act of the Legislature, under which the original suit was instituted, and on which the original judgment was founded, is in violation of section 35, article 3, of the Constitution. This section of the Constitution is as follows: "No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much there-

of as shall not be so expressed." In this connection the contention is also made that the portion of article 362b of the Act in question, which provides that the citizen suing out the injunction shall not be required to show that he is personally injured by the acts complained of, has been repealed by section 3 of article 2989 as amended by the Thirty-first Legislature, page 35, of the General Laws of same.

These matters were submitted to the court in a very able oral argument, and have been well briefed on both sides. We think the infirmity of relator's first contention rests in the fact that it ignores what must on reflection be manifest, that the court, in this case, had jurisdiction of the subject matter and of the person of relator, and was by law authorized both by statute and had, doubtless, the inherent authority to make its own decrees effective, and that the matters complained of are but irregularities in the processes under which relator was sought to be brought to the bar of the court for punishment. We think it the rule, supported by all the authorities, that a person in custody under a judgment or order of a court of competent jurisdiction, in either a criminal or a civil proceeding, can not obtain his discharge on habeas corpus on account of irregularities or errors in the judgment, the proceedings on which it was founded, or in the process under which he was held. Habeas corpus is a proper remedy where the court was without jurisdiction in the matter, or where it has so far exceeded its jurisdiction that the judgment is not merely erroneous but void. 15 Am. & Eng. Ency. of Law, p. 172.

A writ of habeas corpus can not be used to review the regularity of proceedings in inferior courts, nor to fill the office of a writ of error or appeal. Ex parte Cox, 53 Texas Crim. Rep., 240; Perry v. State, 41 Texas, 488; Darrah v. Westerlage, 44 Texas, 388; Ex parte Scwartz, 2 Texas Crim. App., 74; Ex parte Oliver, 3 Texas Crim. App., 345; Ex parte Slaren, 3 Texas Crim. App., 662; Ex parte Mabry, 5 Texas Crim. App., 93; Griffin v. State, 5 Texas Crim. App., 457; Ex parte McGill, 6 Texas Crim. App., 498; Ex parte Boland, 11 Texas Crim. App., 159; Ex parte Dickerson, 30 Texas Crim. App., 448; Milliken v. City Council, 54 Texas, 388. The doctrine, too, is well settled that the District Court, being a court of general jurisdiction, its judgments can not be collaterally attacked, and the writ of habeas corpus is not available for that purpose. Ex parte Call, 2 Texas Crim. App., 497; Ex parte Branch, 36 Texas Crim. Rep., 384.

2. In the case of Lane v. Bell, supra, it was distinctly held that the act was not invalid as being in contravention of article 3, section 35, of the Constitution quoted above. The opinion in that case contains a quite satisfactory treatment of the question, and it is to be noted, as agreed, this judgment was on application for writ of error affirmed, and received the approval of our Supreme Court. It is our own judgment that the decision in the case of Lane v. Bell,

supra, is correct, and we should, in any event, be very reluctant to hold otherwise in view of the action of our Supreme Court holding to the same effect.

3. Nor is there any merit in the other question raised by relator, that the Act of the Thirty-first Legislature was invalid, which provides that the citizen suing out the injunction shall not be required to show that he is personally injured by the acts complained of, or that same is repealed by section 3 of article 2989 as amended by the Thirty-first Legislature, page 354. It is well settled that repeals by implication are not favored. This Act does not by its terms or by necessary implication repeal the authority granted under the law by virtue of which the process issued. The Act of the Thirty-first Legislature had reference largely to the practice with reference to granting writs, hearing thereof, and appeals, and orders granted therein, but was not, we think, intended or designed, nor would it have the effect of repealing a substantive grant of authority to issue the writ as was granted in the Act under which these proceedings were had.

On full consideration of the entire subject we are clear that relator is not entitled to the relief here sought, and it is, therefore, ordered that she be remanded to the custody of the sheriff of Cooke County.

*Relator remanded to custody.*

[Rehearing denied January 12, 1910.—Reporter.]