## EX PARTE TOM LOUIS JOHNSON.

No. 18681.  Delivered October 21, 1936.
Rehearing Denied December 23, 1936.

The opinion states the case.

*Harris & Harris,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The relator, Tom Louis Johnson, was charged with and convicted of the theft of a pistol. He plead guilty to the offense charged. There was entered in his behalf the plea that he should be given the benefit of the law relating to a delinquent child. He was accordingly sentenced to serve a term of two years in the State Juvenile Training School at Gatesville. No appeal was taken from the conviction in the County Court of Bastrop County. Subsequently the relator presented as a ground for his release that, as a matter of fact, he was not a delinquent child but was over the age of seventeen years. On the hearing of an application for a writ of habeas corpus a judgment was entered against the contention of the relator and he was remanded to the custody of the Superintendent of the State Juvenile Training School.

Relator contends upon this appeal that he was entitled to discharge from his detention under a writ of habeas corpus. His contention is met by that of the State to the effect that the matter having been settled upon a trial in due form, the relator is not in a position to raise the same question, that is, the question of age, in a habeas corpus proceeding. See Ex parte McKay, 82 Texas Crim. Rep., 221; Ex parte Fisher, 28 S. W. (2d) 561; Ex parte Wells, 14 S. W. (2d) 1027; Ex parte Wilcox, 79 S. W. (2d) 321. The conclusion of the District Court of Coryell County that the judgment of the County Court of Bastrop County was final and conclusive is regarded as sound and precludes the relator from further prosecution of his appeal.

The judgment remanding the relator is therefore affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Relator complains in his motion for rehearing that we were in error in stating in our original opinion that he was convicted for stealing a pistol, and insists that the judgment finding him to be a delinquent was void.

Art. 1083, C. C. P., declares, among other things, that a delinquent child includes any boy under seventeen years of age who, (a) violates any penal law of this State, or (b) who is incorrigible or, (c) who knowingly associates with thieves. By proper averments in a complaint filed in the County Court of Bastrop County it was charged that relator stole a pistol of the value of fifteen dollars. The charge of theft was then followed by an averment that relator was under seventeen years of age and that by reason of the theft aforesaid he was a delinquent child, The file number of said cause in the trial court was 8751. The County Judge of Bastrop County proceeded to try relator to determine whether he was a delinquent child. In a judgment styled "The State of Texas vs. Tom Louis Johnson, No. 8751," is found the following recital.

"Now, on this the 13th day of April, A. D. 1936, the court being in session as a juvenile court for the purpose of disposing of the above styled and numbered cause, wherein the defendant is charged by affidavit and information filed by the county attorney with being a delinquent child, to-wit: being incorrigible and knowingly associated with thieves and being a male child under the age of seventeen years."

Immediately following the above recital is the statement that relator in open court pleaded guilty to said charge and that "the court after having heard the evidence submitted finds said defendant guilty as charged, and that he is under seventeen years of age;" it is then adjudged and decreed by the court that relator was guilty as charged and that his punishment should be assessed at detention and confinement in the State Juvenile Training School for Boys at Gatesville for a term of not less than one year nor more than two years.

No appeal was taken from this judgment and this court has no way of knowing what evidence was submitted upon the investigation before the trial judge. In his motion for rehearing and brief filed herein relator undertakes to explain why no appeal was taken, but these are matters dehors the record and can receive no consideration. Relator was conveyed to the Juvenile Training School for Boys at Gatesville, Texas, and placed in charge of the Superintendent of said school. The judgment mentioned was entered on the 13th day of April,

1936. Of course, the first recital in the judgment that the purpose of the trial was to determine whether relator was incorrigible and knowingly associated with thieves appears to be an erroneous statement, but it is perfectly clear that the court did find him to be a delinquent child under seventeen years of age, which he no doubt had jurisdiction to determine by virtue of the charge in the State's pleadings that relator had violated a penal law of the State. On the 22d day of May, 1936, relator filed application for writ of habeas corpus before the District Judge of Coryell County where the State Juvenile Training School for Boys is situated, seeking relief from the adjudication that relator was a delinquent.

It has been so often stated by this court that a habeas corpus can not take the place of an appeal that we deem it unnecessary to discuss that question, or even cite authorities. However, relator insists that the judgment of delinquency is void because of the erroneous recital aforesaid and therefore may be attacked in a habeas corpus proceeding. Such proceeding is a collateral attack and is available only in event that the judgment is absolutely void. In other words, the attack will prevail only when the record affirmatively reveals that the court which rendered the judgment had no jurisdiction. The foregoing statements are found in Sec. 289, page 767, 25 Tex. Jur., and are supported by many authorities cited in the notes under said section. Ex parte Morgan, 57 Texas Crim. Rep., 551, 124 S. W., 99; Ex parte Degener, 30 Texas Crim. Rep., 566, 17 S. W., 1111.

There can be no doubt that the County Court of Bastrop County had authority to determine whether relator was a delinquent child. The charge of delinquency was based upon the averment that he was guilty of the theft of the pistol, and the judgment recites that relator entered a plea of guilty. That portion of the judgment which has been heretofore adverted to stating that it was to be determined whether relator was incorrigible and associated with thieves was, of course, erroneous and one which relator could have had corrected and have been relieved against by an appeal from the judgment. While the judgment as found in this record may be erroneous in that regard, we are not inclined to the view that the judgment was void. Supporting these views we cite Ex parte Dickerson, 30 Tex. App., 448, Ex parte Branch, 36 Texas Crim. Rep., 385, Ex parte McKay, 82 Texas Crim. Rep., 221, 199 S. W., 637. In Dickerson's case (supra) will be found the following statement:

" 'The judgment of a court of competent jurisdiction can not be impeached on a collateral attack by habeas corpus for errors or irregularities not extending so far as to affect the question of power or jurisdiction in the court to act in the case. On this writ nothing will be investigated except jurisdictional defects. Although, by prosecuting his appeal, writs of error, or certiorari, the party may have errors and irregularities reviewed, and the result of his review entitled him to an immediate discharge, it is no ground for his release on habeas corpus.' "

From Ex parte Branch (supra) upon the same point we quote as follows:

"It has long since been settled that the judgment of inferior courts can not be attacked by writ of habeas corpus, unless the judgment is absolutely void; and also that for all mere irregularities which do not affect the question of power or the jurisdiction of the court to act in the case, and which the party can avail himself of by appeal, the writ of habeas corpus can not be resorted to. * * * In such case only, where the judgment of conviction is absolutely void for want of power or jurisdiction in the court to act in the particular case, can the writ be resorted to after judgment."

Statements to this same effect will be found in the opinion in McKay's case.

Our statement in the original opinion that relator had been convicted of the theft of the pistol was technically inaccurate, but his conviction of being a delinquent was based upon the charge that he had stolen a pistol.

Believing that relator's contention that the judgment is void is not meritorious, the motion for rehearing is overruled.

*Overruled.*