**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 93-5268
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

TERRANCE ROSHANE HOLLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

(June 29, 1994)

Before WISDOM, DAVIS, and DUHÉ, Circuit Judges.

DAVIS, Circuit Judge:

Terrance Roshane Holland challenges the sentence imposed by the district court following his guilty plea. Because we conclude that the district court properly considered Holland's juvenile record in determining his criminal history score, we affirm.

I.

In June 1993, Holland pled guilty to knowingly and intentionally possessing, with intent to distribute, five grams or more of crack cocaine within 1000 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1) and 860. At his sentencing hearing, Holland objected to the district court's use of his juvenile record in determining his criminal history score under the Sentencing

Guidelines.  The district court overruled Holland's objection and sentenced him to 115 months imprisonment, to be followed by eight years of supervised release.[1]

## II.

Holland challenges his sentence to the extent that the district court added four points to his criminal history score as a result of his juvenile record.  Holland argues that, because Texas does not consider juvenile adjudications to be convictions,[2] the district court erred in considering them in determining his criminal history score.  We review the district court's interpretation of the Guidelines **de novo**.  **See United States v. McCaskey**, 9 F.3d 368, 372 (5th Cir. 1993), **cert. denied**, 114 S.Ct. 1565 (1994).

In calculating a defendant's criminal history score, U.S.S.G. § 4A1.2(d) provides that:

> (1)  If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence.
>
> (2)  In any other case,
>
> (A)  add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;

---

[1]  The district court determined that Holland's base offense level was 25, and that his criminal history score was 16.

[2]  **See P.G. v. State**, 616 S.W.2d 635, 637 (Tex. App.--San Antonio 1981, writ ref'd n.r.e.).

2

> (B) add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

In this context, the Guidelines specify that "[t]he term 'prior sentence' means any sentence previously imposed upon an adjudication of guilt, whether by guilty plea, trial, or plea of **nolo contendere**, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1).

The question in this case is whether Holland's juvenile adjudications are "adjudications of guilt" under § 4A1.2(a)(1). Holland argues that they are not, because Texas "stops short of actually adjudicating guilt and convicting a person who is brought in under the juvenile justice procedures." The district court, however, found that juvenile adjudications are the same as convictions for purposes of the Sentencing Guidelines:

> The Court finds that even though under Texas law the purpose of juvenile adjudications is to avoid the taint of criminality and to provide a program for treatment and rehabilitation, the Texas law does provide for a finding by the Court as to whether or not the juvenile engaged in delinquent conduct.
>
> Here, Mr. Holland was found to have been a child engaged in delinquent conduct at that time. And under 4A1.2, that is essentially the same as being convicted of an offense, in that his guilt was established at those juvenile hearings.

In **United States v. Giraldo-Lara**, 919 F.2d 19, 22 (5th Cir. 1990), we held that a "deferred adjudication probation" entered by a Texas court was an adjudication of guilt, and therefore, a "prior sentence" under the Guidelines. We reached that conclusion even

3

though, under Texas law, the court made no finding of guilt in entering a deferred adjudication probation.

In **United States v. Ashburn**, 20 F.3d 1336, 1341-43 (5th Cir. 1994), we addressed whether a conviction under the Youth Correction Act, which was automatically set aside, could be considered in arriving at a criminal history score. In holding that it could be considered, we agreed with the District of Columbia Circuit that: "If a juvenile offender turns into a recidivist, the case for conferring the [set aside] benefit dissipates. Society's stronger interest is in punishing appropriately an unrepentant criminal." **United States v. McDonald**, 991 F.2d 866, 872 (D.C. Cir. 1993).

This reasoning is consistent with cases that have addressed a court's authority to include juvenile records in criminal history calculations. In **United States v. Booten**, 914 F.2d 1352, 1354 (9th Cir. 1990), the court concluded that juvenile adjudications could be considered:

> Congress authorized the Sentencing Commission to enact guidelines that would permit a trial judge to consider a defendant's prior criminal **conduct** in making a sentencing decision, notwithstanding the fact that the defendant may not have been adjudged guilty of the prior act.

**See also United States v. Bucaro**, 898 F.2d 368, 370 (3d Cir. 1990) ("It is clear that under the federal sentencing guidelines, the district court properly factored [defendant's] prior juvenile delinquency adjudications into its calculation of his criminal history category."); **United States v. Chanel**, 3 F.3d 372, 373 (11th Cir. 1993), **cert. denied**, 114 S.Ct. 1107 (1994).

4

According to Holland's pre-sentence report, he committed the instant offense on August 6, 1992. Under § 4A1.2(d)(2)(B), the district court may look to any sentence--juvenile or adult--that was imposed within five years of that date. The pre-sentence report listed the following juvenile adjudications:

   (1)  4/4/90:   Burglary of a residence (1 year probation);
   (2)  3/27/90:  Burglary of a residence (1 year probation);
   (3)  3/19/90:  Burglary of a residence (1 year probation);
   (4)  3/10/90:  Burglary of a vehicle (1 year probation);
   (5)  1/27/90:  Possession of stolen property (1 year probation);
   (6)  8/24/89:  Burglary of a vehicle (1 year probation).

Because all six violations fall within the five-year period prescribed by § 4A1.2(d)(2)(B), the district court properly added four points to Holland's criminal history score.[3]

III.

Because the district court properly considered Holland's juvenile record in calculating his criminal history score, we affirm the sentence imposed by the district court.

AFFIRMED.

---

[3] Although § 4A1.2(d)(2)(B) allows one point to be added for each prior sentence, § 4A1.1(c) provides that the total points added cannot exceed four.

5