United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-60808
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALTON KEE

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:01-CR-136-ALL
--------------------

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alton Kee appeals the sentence following his guilty-plea conviction for possession with intent to distribute cocaine base. Kee contends that the district court erred in calculating his criminal history score because it awarded him one point under U.S.S.G. § 4A1.1(c) for a juvenile disposition. He argues that under the Mississippi Youth Court Act, a juvenile disposition is not an adjudication of guilt and thus he had no prior qualifying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence under the sentencing guidelines.  He also contends that no constitutional adjudication of guilt could be made in the youth court proceedings because these proceedings do not provide certain federal constitutional protections.

We have previously held that the district courts may include juvenile records when calculating a defendant's criminal history score under the sentencing guidelines.  See United States v. Holland, 26 F.3d 26 (5th Cir. 1994) (considering juvenile disposition under Texas law).  The Mississippi Youth Court's order of adjudication was based on proof beyond a reasonable doubt.  See MISS. CODE ANN. § 43-21-561(1) (1997).  The PSR indicates that Kee was represented by counsel in the matter, and he has not argued that this disposition was invalid, nor has he met his burden to show that the disposition violated his constitutional rights.  See United States v. Osborne, 68 F.3d 94, 100 (5th Cir. 1995); United States v. Canales, 960 F.2d 1311, 1315 (5th Cir. 1992).  Therefore, the district court did not err in awarding Kee one criminal history point for this juvenile disposition.  See U.S.S.G. § 4A1.2(d)(2)(B).

AFFIRMED.