**In re Todd–Warren ALTSCHUL.**

No. 10–07–00202–CV.

Court of Appeals of Texas, Waco.

Sept. 26, 2007.

---

Todd Warren Altschul, Lovelady, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

In this original proceeding, Relator Todd–Warren Altschul seeks mandamus relief in the form of ordering Respondent, the Honorable Ralph T. Strother, Judge of the 19th District Court of McLennan County, to rule on Altschul's petition for writ of habeas corpus. Altschul's situation is familiar to us. *See In re Altschul*, 207 S.W.3d 427 (Tex.App.-Waco 2006, orig. proceeding). We discussed the subject matter of the habeas corpus relief that he seeks:

> Altschul is currently imprisoned at the Eastham Unit of the Texas Department of Criminal Justice, Institutional Division (TDCJ–ID). It is unclear what state felony sentence he is currently serving in TDCJ–ID, but he asserts that under the United States Sentencing Guidelines, his allegedly void prior juvenile conviction increased two federal sentences that he is apparently serving concurrently with his state felony sentence: an 87–month sentence for mail fraud, and a 120–month sentence for assaulting a federal officer. *See* U.S.S.G. § 4A1.2(d)(2)(A), (B); § 4A1.3(a) (providing for upward departures based in part on defendant's criminal history); *see, e.g., United States v. Holland*, 26 F.3d 26, 27–29 (5th Cir. 1994) (holding that district court properly used defendant's juvenile adjudications to calculate his criminal history score). Altschul, citing U.S. Supreme Court decisions and a U.S. Sentencing Guideline note, claims that before he can re-open his federal convictions and seek relief on the ground of a void state conviction, he must first successfully obtain relief in the state court of convic-

tion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); U.S.S.G. § 4A1.2, Application Note 6.

Altschul's complaints center on his prior Texas juvenile adjudication. He alleges that in March 1989, in his juvenile delinquency trial (for criminal mischief, possession of a prohibited weapon, and burglary of a building), the jury found him not responsible by means of mental illness. *See* Tex. Fam.Code Ann. § 55.51 (Vernon 2002). Altschul alleges that the trial court disregarded the jury's verdict and found that he had engaged in delinquent conduct and ordered him into the custody of the Texas Youth Commission. Altschul claims that he was released from custody shortly thereafter. He also alleges that his appointed lawyer provided ineffective assistance because he did not object to the trial court's alleged actions and did not appeal the adjudication.

*Id.* at 428–29 (footnotes omitted).

After noting that a habeas corpus proceeding is the proper forum for Altschul's complaints (in either the Court of Criminal Appeals or the court of Altschul's original juvenile adjudication—the 19th District Court of McLennan County), we held that we lacked jurisdiction over Altschul's original proceeding for a writ of habeas corpus. *Id.* at 430–31.

Thereafter, Altschul sought habeas corpus relief in the Texas Supreme Court, which has appellate jurisdiction over juvenile proceedings because they are considered civil actions. *See* Tex. Fam.Code Ann. § 56.01 (Vernon 2002). The supreme court transferred the habeas proceeding to the Court of Criminal Appeals. *In re Altschul*, No. 06–1048, http://www.supreme. courts.state.tx.us/historical/2006/dec/ 122906.htm (Tex. Dec. 29, 2006) (order). According to Altschul, the Court of Criminal Appeals declined to docket the transferred proceeding. He filed a petition for discretionary review of our decision, but the Court of Criminal Appeals refused it. *In re Altschul*, No. PD–0145–07, http://www.cca.courts.state. tx.us/opinions/handdown.asp?FullDate=20070627 (Tex.Crim. App. June 27, 2007).

Altschul therefore filed an application for writ of habeas corpus in the 19th District Court of McLennan County, the court of his original juvenile adjudication. He complains in the instant proceeding that Respondent will not act on his application for writ of habeas corpus and that, because he has exhausted our suggested remedies and cannot file his application in another court, we should order Respondent to consider and rule on his application.

■■■ "A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.' " *In re Piper*, 105 S.W.3d 107, 109 (Tex.App.-Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 197–99 (Tex.Crim.App.2003) (orig.proceeding)). In this case, Altschul tends to show that Respondent has a mandatory or ministerial duty to issue the writ.[1] *See id.* at 109–10. Given and as-

1. Respondent did not file a response to Altschul's petition for writ of mandamus. The State filed a response asserting that article 11.07 applies and that, from the face of Altschul's application, the trial court could have determined that there are no "controverted, previously unresolved facts material to the legality of the applicant's confinement." Tex. Code Crim. Proc.Code Ann. art. 11.07, § 3(c) (Vernon 2005). But we seriously question the direct application of article 11.07 to Altschul's juvenile adjudication that is the subject of his

suming as true Altschul's allegations that the trial court in his juvenile proceeding disregarded a jury finding of "not responsible by means of mental illness" and that his attorney was ineffective in not objecting to or appealing the trial court's action, we view Respondent as having a duty to issue the writ and consider Altschul's allegations. *See id.* ("Assuming the facts as Piper states them, it would be beyond question that Judge Neill has a duty to issue the writ.... Assuming that this record speaks the true facts, Judge Neill thus would have a mandatory duty to issue the writ of habeas corpus ...."); *cf.* TEX. CODE CRIM. PROC.CODE ANN. art. 11.15 (Vernon 2005) ("The writ of habeas corpus shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever.").

■■■ Generally, an appellate court may not afford mandamus relief over a trial court's refusal to consider a writ of habeas corpus application because the applicant can present the application to another district court. *See Piper,* 105 S.W.3d at 110; *In re Davis,* 990 S.W.2d 455, 457 (Tex.App.-Waco 1999, orig. proceeding). But a "technically available legal remedy will not defeat a petitioner's entitlement to mandamus relief when the rem-

edy is 'so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate.'" *Davis,* 990 S.W.2d at 457 (citing *State ex rel. Holmes v. Court of Appeals,* 885 S.W.2d 389, 394 (Tex.Crim.App.1994) (quoting *Smith v. Flack,* 728 S.W.2d 784, 792 (Tex.Crim.App.1987)), and *Kozacki v. Knize,* 883 S.W.2d 760, 762 (Tex.App.-Waco 1994, orig. proceeding)); *see Ex parte Hargett,* 819 S.W.2d 866, 868 (Tex. Crim.App.1991) (under proper circumstances, applicant may pursue writ of mandamus when trial court refuses to consider habeas application) (citing *Von Kolb v. Koehler,* 609 S.W.2d 654 (Tex.Civ.App.-El Paso 1980, orig. proceeding)).

■■■ Given Altschul's predicament, *i.e.,* that his juvenile record is affecting his ability to re-open his federal sentences, and the fact that he can file his application only in the court of his juvenile adjudication,[2] he has no other available legal remedy, technically or otherwise, and he is entitled to mandamus relief.[3] *See Davis,* 990 S.W.2d at 457; *see also In re Debrow,* 2005 WL 544031 (Tex.App.-San Antonio Mar.9, 2005, orig. proceeding) (discussing juvenile's attempt to mandamus trial court to consider juvenile's habeas application); *In re Debrow,* 2004 WL 2612533 (Tex.App.-San Antonio Aug.11, 2004, orig. proceed-

---

underlying habeas application because article 11.07, by its own terms, is limited to habeas relief from a felony judgment. *Id.* art. 11.07, § 1; *see Ex parte Valle,* 104 S.W.3d 888, 888–89 (Tex.Crim.App.2003) (holding that article 11.07 governing applications for writs of habeas corpus in which applicant seeks relief from felony judgment may not be used to challenge juvenile's imprisonment because adjudication of delinquency is not felony conviction). Altschul's underlying habeas application is brought under the authority of the Family Code (section 56.01(*o*)) and the Texas Constitution (art. I, § 12, and art. V, § 8).

**2.** *See* MCLENNAN (TEX.) DIST. CT. LOC. R. 1.01.B. ("all juvenile cases shall be filed in the 19th

District Court"); *see also Altschul,* 207 S.W.3d at 430 ("And under *Valle,* the court of Altschul's original juvenile adjudication has authority to address Altschul's complaints in a habeas corpus proceeding because he alleges collateral consequences.") (citing *Valle,* 104 S.W.3d at 889–90, and TEX. FAM.CODE ANN. § 56.01(*o*)).

**3.** Should a party appeal the trial court's ruling on Altschul's habeas application, we would then appear to have appellate jurisdiction. *See Valle,* 104 S.W.3d at 890 & nn. 12–13.

ing) (same); *In re Solis,* 2004 WL 1336266 (Tex.App.-San Antonio June 16, 2004, orig. proceeding) (holding that defendant was entitled to writ of mandamus ordering trial court to consider and rule on his habeas corpus application).

We conditionally grant the petition for writ of mandamus. Respondent is ordered to rule on Altschul's application for writ of habeas corpus within thirty days of the date of this opinion. The writ will issue only if Respondent does not timely act on the application.

Chief Justice GRAY would deny the petition for writ of mandamus. A separate dissenting opinion will not, however, be issued.