

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00022-CV

### EX PARTE T.W.A.

## From the 74th District Court
## McLennan County, Texas
## Trial Court No. 2402-J

## MEMORANDUM OPINION

Pursuant to an appeal of the juvenile court's denial of an application for a writ of habeas corpus, T.W.A. seeks relief from his 1989 juvenile adjudication and disposition to the Texas Youth Commission. Because the juvenile court did not abuse its discretion in denying the relief requested, we affirm the juvenile court's order.

**BACKGROUND**

In 1989, T.W.A. was adjudicated delinquent for the offenses of possession of a prohibited weapon, criminal mischief, and burglary of a building with the intent to commit theft and committed to the Texas Youth Commission.[1] After the adjudication

---

[1] The "First Amended Petition" in the juvenile court, court's charge, and other documents in the clerk's record appear to have been originally printed on legal-sized paper but were copied, scanned, and presented

hearing, the jury found T.W.A. had committed each offense alleged but also found that "as a result of mental disease or defect, [T.W.A.] lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law." Pursuant to a motion filed by the State, the juvenile court disregarded the jury's findings of mental disease or defect, determining there was no evidence to support them, and adjudged T.W.A. to have engaged in delinquent conduct. Relying on the adjudication order, the juvenile court rendered a disposition order committing T.W.A. to the Texas Youth Commission. T.W.A. did not appeal the juvenile court's decision.

Over 30 years later, in December of 2020, T.W.A. filed an application for a writ of habeas corpus in the juvenile court. In March of 2021, T.W.A. amended his December 2020 application. In December of 2021, the juvenile court ruled on T.W.A.'s amended application, denying "any and all relief requested…."

**JURISDICTION**

Initially, T.W.A. asserts we do not have jurisdiction to review the juvenile court's ruling on T.W.A.'s habeas application because, pursuant to section 56.01 of the Texas Family Code, no specific provision is made for the appeal of a juvenile court's decision to deny an application for a writ of habeas corpus. Notwithstanding this omission, we disagree with T.W.A.'s assertion.

Section 56.01 of the Texas Family Code limits appeals in a juvenile proceeding to

---

in the clerk's record on standard-sized paper without being reduced to fit the paper. Thus, some of the information in these documents has been "cut off." This does not impair our ability to resolve T.W.A.'s appeal.

certain juvenile trial court orders. *See* TEX. FAM. CODE § 56.01(c). The restrictions of this subsection do not affect post-conviction orders as evidenced by subsection (o) which states: "This section does not limit a child's right to obtain a writ of habeas corpus." *Id.* (o).

If the right to obtain a writ of habeas corpus is not limited by Section 56.01, it necessarily follows that the right to appeal a ruling on a writ of habeas corpus is also not limited by the section. This Court and other courts of appeals have exercised jurisdiction over an appeal of a post-adjudication juvenile habeas corpus proceeding such as this one. *See e.g. Ex parte Gardner*, No. 10-15-00372-CV, 2016 Tex. App. Lexis 11107 (Tex. App.—Waco 2016, pet. denied) (mem. op.); *In re J.W.A.*, No. 03-03-00464-CV, 2005 Tex. App. LEXIS 8435 (Tex. App.—Austin Oct. 13, 2005, no pet.) (mem. op.). *See also In re D.A.B.*, No. 12-14-00147-CV, 2014 Tex. App. LEXIS 6261, at *2 (Tex. App.—Tyler June 11, 2014, no pet.) (mem. op.); *In re M.P.A.*, No. 03-08-00337-CV, 2010 Tex. App. LEXIS 5611, 2010 WL 2789649 (Tex. App.—Austin July 14, 2010) (mem. op.), *rev'd in part and remanded on other grounds*, 364 S.W.3d 277 (Tex. 2012).

Section 56.01 concerns appeals of orders issued pursuant to the Texas Family Code. A habeas proceeding for a juvenile, however, is filed pursuant to the Texas Constitution, not the Texas Family Code. Juveniles may file applications for writs of habeas corpus pursuant to Article V, Section 8 of the Texas Constitution, which gives "District Court judges . . . the power to issue writs necessary to enforce their jurisdiction." TEX. CONST. art. V, § 8; *see Ex parte Valle*, 104 S.W.3d 888, 890 (Tex. Crim. App. 2003); *see also Ex parte Hargett*, 819 S.W.2d 866, 867 (Tex. Crim. App. 1991). An appellate court has

appellate jurisdiction to review district court cases as prescribed by law. *See* TEX. CONST. art. V, § 6. The question becomes, then, whether we have jurisdiction as prescribed by law. No appeal can be had from a refusal to issue or grant a writ of habeas corpus. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). However, an appeal can be had from an order denying an applicant relief on the merits of his claim. *Id.*

Here, the only issue raised in T.W.A.'s amended application[2] was the unconstitutionality of the juvenile court's decision to disregard the jury's determination that T.W.A. was not responsible due to a mental disease or defect.[3] The juvenile court determined T.W.A. was not entitled to relief because his issue was either not cognizable (two reasons) or was barred by the doctrine of laches. We find the juvenile court ruled on the merits of T.W.A.'s application. Consequently, we have jurisdiction of T.W.A.'s appeal.

**USE OF CRIMINAL CASE AUTHORITY**

Next, we address a contention T.W.A. raises in response to the State's brief, that criminal case authority may not be used in support of the disposition of this appeal because juvenile cases are civil, not criminal.

While it is true that juvenile cases are classified as civil proceedings, they are also

---

[2] The juvenile court found that the amended application was the live pleading before it. T.W.A. has not challenged that finding.

[3] The Texas Family Code provision in effect at the time of T.W.A.'s adjudication and disposition uses the terms, "mental disease or defect" while T.W.A. uses the term, "mental illness." *Compare* former TEX. FAM. CODE § 55.05, Enacted by Acts 1973, 63rd Leg., ch. 544 (S.B. 111), § 1, effective September 1, 1973, *with* current TEX. FAM. CODE § 55.51. We will use the terminology in effect at the time of T.W.A.'s adjudication and disposition.

quasi-criminal in nature, *In re M.A.F.*, 966 S.W.2d 448, 450 (Tex. 1998), and generally are governed by the Texas Rules of Civil Procedure, Chapter 38 of the Texas Code of Criminal Procedure,[4] and the Texas Rules of Evidence applicable to criminal proceedings. *See* TEX. FAM. CODE § 51.17; *In re R.J.H.*, 79 S.W.3d 1, 6 (Tex. 2002); *In re D. I. B.*, 988 S.W.2d 753, 756 (Tex. 1999). On appeal, civil rules of appellate procedure govern as far as practicable. *In re D. I. B.*, 988 S.W.2d at 756; *see* TEX. FAM. CODE § 56.01(a). Because proceedings in juvenile court are considered civil cases, the Texas Supreme Court, rather than the Texas Court of Criminal Appeals, is the court of last resort for such proceedings. *In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) (orig. proceeding).

However, when there is no civil rule, statute, or court decision on an issue for appellate review in a juvenile proceeding, the Texas Supreme Court has not been reluctant to use criminal case authority or rules to dispose of issues on review or guide the Court in its decisions. *See In re M.P.A.*, 364 S.W.3d 277, 286 n.10 (Tex. 2012) (using criminal case authority for expert witnesses rather than civil); *In re R.J.H.*, 79 S.W.3d at 6 (using federal criminal standard to review a motion to suppress in a juvenile appeal); *In re C. O. S.*, 988 S.W.2d 760, 767 (Tex. 1999) (finding decisions of the Court of Criminal Appeals on preservation "instructive"); *In re M.A.F.*, 966 S.W.2d 448, 449 (Tex. 1998) (discussing the applicability of a former criminal appellate rule regarding motions for new trial in juvenile cases and reviewing an evidence issue using criminal case authority). *See also In re J.W.A.*, No. 03-03-00464-CV, 2005 Tex. App. LEXIS 8435, at *11-12 (Tex.

---

[4] Regarding evidence in criminal actions.

App.—Austin Oct. 13, 2005, no pet.) (mem. op.) (using statutory habeas corpus procedure as a guide for determining the need for an evidentiary hearing in a juvenile habeas corpus proceeding). Thus, it is not improper to use criminal case authority, statutes, or rules to dispose of an issue in a juvenile case appeal; and we will use the same when necessary.

GENERAL HABEAS LAW

A writ of habeas corpus is available, or cognizable, only for relief from jurisdictional defects which render a judgment void and violations of constitutional or fundamental rights. *In re Tex. Bd. of Pardons & Paroles*, 495 S.W.3d 554, 560-61 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (mandamus in juvenile constitutional writ proceeding). *See Cognizable*, BLACK'S LAW DICTIONARY (7th Edition) ("Capable of being judicially tried or examined before a designated tribunal; within the court's jurisdiction"). The burden of proof is upon the applicant to establish the grounds for relief. *See Ex parte Dutchover*, 779 S.W.2d 76, 78 (Tex. Crim. App. 1989) (applicant has burden to establish illegal restraint); *Hankins v. State*, 646 S.W.2d 191, 200 (Tex. Crim. App. 1983) (applicant's burden to demonstrate convictions are void). *Accord In re Luther*, 620 S.W.3d 715, 721 (Tex. 2021) (relator in collateral attack of contempt order by habeas bears burden of showing contempt order is void).

Absent a clear abuse of discretion, we must affirm a trial court's decision to grant or deny the relief requested in a habeas corpus application. *In re M. P. A.*, No. 03-08-00337-CV, 2010 Tex. App. LEXIS 5611, at *15 (Tex. App.—Austin July 14, 2010) (mem. op.), *rev'd in part and remanded on other grounds*, 364 S.W.3d 227 (Tex. 2012). Almost total deference is accorded to the trial court's factual findings in habeas proceedings if

supported by the record.  *In re M.P.A.*, 364 S.W.3d 277, 283, 289 (Tex. 2012).  We review a trial court's legal conclusions de novo.  *Id*. at 289.

ISSUE RAISED

As we stated previously, the only issue raised in T.W.A.'s amended application for writ of habeas corpus was whether the juvenile adjudication and disposition orders were unconstitutionally entered when the juvenile court disregarded the jury's determination that T.W.A. was not responsible for his actions due to a "mental illness." T.W.A. asserted the juvenile court's action violated due process.

On appeal, T.W.A. raises the same complaint:  that 1) once the jury found T.W.A. to be not responsible, the juvenile court had no choice but to accept those findings, without entertaining or granting the State's motion to disregard those findings, and 2) when the juvenile court disregarded the jury's findings, the juvenile court "violated due process."  In his original brief on appeal, T.W.A. does not provide any authority, other than a reference to Section 55.51, the current statute in the Texas Family Code governing a determination of a juvenile's lack of responsibility for his conduct, in support of his claim or much argument, if any, to explain why he should prevail on appeal.  The bulk of his argument is made in his reply to the State's brief in which the State argued in support of the juvenile court's "Findings and Conclusions." The juvenile court made the following conclusions:

1.  T.W.A. alleges a statutory violation which is not cognizable in a habeas action;

2.  T.W.A.'s claim could have been raised on direct appeal and is not cognizable in a habeas action; and

3. T.W.A.'s extreme delay operates as a bar to any potential relief under the doctrine of laches.

We will discuss each of these conclusions in relation to T.W.A.'s arguments on appeal. [5]

### *Statutory Violation vs. Due Process*

A writ of habeas corpus is generally not a proper remedy for a violation of a procedural statute, even a "mandatory" statute. *In re Tex. Bd. of Pardons & Paroles*, 495 S.W.3d 554, 561 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). Not all decisions implicate constitutional rights, and not all of those decisions are subject to review by habeas corpus. *See* i*d.*

T.W.A. asserts that he did not raise a statutory violation claim but instead, raised a due process claim based on the juvenile court's disregard of the jury's findings.[6] Assuming without deciding T.W.A. raised a due process claim rather than a statutory violation claim, that claim still fails.

The Due Process Clause applies in juvenile proceedings. *Schall v. Martin*, 467 U.S. 253, 263, 104 S. Ct. 2403, 81 L. Ed. 2d 207 (1984). However, the process due a juvenile does

---

[5] Since 2006, T.W.A. has filed numerous proceedings in this Court attempting to overturn his 1989 adjudication as a delinquent youth. These attacks seem to be related to alleged collateral consequences on T.W.A. of a federal conviction and sentence. We have endeavored this in-depth review of all of T.W.A.'s arguments, assuming without deciding they are cognizable, against the trial court's findings in an effort to foreclose further frivolous attacks on the determination of being delinquent when T.W.A. was a juvenile.

[6] In his reply brief, T.W.A. also claimed the juvenile court violated the Cruel and Unusual Punishment Clause of the 8th Amendment to the United States Constitution. T.W.A. did not raise that particular claim in his amended application; thus, it is not preserved for our review. *See* TEX. R. APP. P. 33.1; *In re C. O. S.*, 988 S.W.2d 760, 767 (Tex. 1999); *Ex parte Gardner*, No. 10-15-00372-CV, 2016 Tex. App. LEXIS 11107, at *7 (Tex. App.—Waco Oct. 12, 2016, pet. denied) (mem. op.) (procedural default rule applied in juvenile habeas appeal).

not equate to that due an adult offender in every instance. *See Gault*, 387 U.S. at 14, 87 S. Ct. at 1436; *In re J.R.R.*, 696 S.W.2d 382, 383-84, 2 (Tex. 1985) (per curiam).

From the record we have, it appears that T.W.A. was charged by petition, was assisted by counsel, had a jury trial to determine delinquency, and the jury was charged regarding T.W.A.'s responsibility for his conduct. After the trial on adjudication, the State filed a motion to disregard the jury's findings that as a result of mental disease or defect, T.W.A. lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law. The adjudication order recites that the juvenile court found no evidence to support the jury's findings of mental disease or defect and thus, disregarded them.

T.W.A. argues the juvenile court had no choice but to accept the jury's findings based on language in the current statute that:

> A child found to be not responsible for the child's conduct as a result of mental illness or an intellectual disability shall not be subject to proceedings under this title with respect to such conduct, other than proceedings under [another section].

TEX. FAM. CODE § 55.51(g). In a civil trial, a court is permitted to "disregard any jury finding on a question that has no support in the evidence." TEX. R. CIV. P. 301. T.W.A. fails to explain or provide any authority as to why this procedural rule could not be used in a juvenile proceeding or how using this rule violated his rights to due process as a juvenile. Further, there is nothing in our record that either invalidates or validates the action of the juvenile court. T.W.A. did not appeal the adjudication and disposition orders; thus, no transcription of the proceedings at the juvenile court was required. No

known reporter's record of the adjudication trial to the jury or of the State's motion to disregard exists. The current official court reporter has informed us that she was not the reporter in 1989 and did not know who the reporter was at that time.

Additionally, even constitutional claims, such as due process, must be raised before the trial court or they are waived. *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003). We have no record to support a due process claim was ever made to the juvenile court.[7]

Citing *In re Altschul*, 236 S.W.3d 453 (Tex. App.—Waco 2007, orig. proceeding), T.W.A. asserts that this Court previously determined T.W.A.'s currently raised issue was cognizable in a habeas application. T.W.A.'s reliance on *In re Altschul* is misplaced. In that case, T.W.A. requested a mandamus ordering the juvenile court to rule on T.W.A.'s application for habeas relief. After noting that the Court was familiar with T.W.A.'s "situation," the Court merely recounted what it had written in a previous opinion.[8] *Id*. 455. This Court then stated, "After noting that a habeas corpus proceeding is the proper forum for [T.W.A.]'s complaints…we held we lacked jurisdiction over [T.W.A.]'s original

---

[7] To the extent T.W.A. also claims the juvenile adjudication is void, relief is not warranted. A collateral attack on a void judgment from a juvenile proceeding is available only in the event that the judgment is absolutely void. *See Ex parte Johnson*, 131 Tex. Crim. 438, 440, 99 S.W.2d 598, 599 (1936); *see also Ex parte Rodriguez*, 466 S.W.3d 846, 852 (Tex. Crim. App. 2015). "In other words, the attack will prevail only when the record affirmatively reveals that the court which rendered the judgment had no jurisdiction." *Id*. The record here does not affirmatively show that the juvenile court had no jurisdiction.

[8] The opinion this Court cited, *In re Altschul*, 207 S.W.3d 427 (Tex. App.—Waco 2006, orig. proceeding), dismissed T.W.A.'s original application for writ of habeas corpus relief for want of jurisdiction. The proceeding was erroneously styled as a criminal proceeding when it should have been styled as a civil proceeding. The entirety of the opinion leading up to and including the Court's statement that, "[b]ased on the above discussion, we find that a habeas corpus proceeding is the proper forum for [T.W.A.]'s complaints[,]" is dicta, because we had no jurisdiction of the original writ proceeding and could only dismiss it. *See In re Reece*, 341 S.W.3d 360, 363 n.3 (Tex. 2011) (orig. proceeding). Further, any implication by the 2006 opinion that T.W.A.'s claims then and his current claim were and are cognizable is disavowed.

proceeding for a writ of habeas corpus." *Id.* This Court did not hold T.W.A.'s claims raised at that time[9] were cognizable; and any implication that his current claim is cognizable is disavowed.

Accordingly, T.W.A.'s amended application, brief, and reply brief do not support a due process claim, as was his burden to demonstrate.

### *Direct Appeal*

Absent exceptions not applicable in this case, defendants are barred from raising claims on habeas that could have been raised at trial or on direct appeal. *In re M.P.A.*, 364 S.W.3d 277, 284 (Tex. 2012); *Ex parte Napper*, 322 S.W.3d 202, 228 (Tex. Crim. App. 2010) (citing *Ex parte Pena*, 71 S.W.3d 336, 337-38 (Tex. Crim. App. 2002)); *Ex parte Richardson*, 201 S.W.3d 712, 713-14 (Tex. Crim. App. 2006).

T.W.A. could have raised his habeas issue on direct appeal. He did not appeal the adjudication and disposition orders. Thus, since T.W.A. did not appeal, he is barred from raising his claim through an application for a writ of habeas corpus.

T.W.A. lays blame for his failure to appeal on the ineffectiveness of his counsel, a claim he did not raise in his amended application for writ of habeas corpus. Any claim regarding the effectiveness of his counsel is not preserved for our review. *See* TEX. R. APP. P. 33.1; *In re C. O. S.*, 988 S.W.2d 760, 767 (Tex. 1999); *Ex parte Gardner*, No. 10-15-00372-CV, 2016 Tex. App. LEXIS 11107, at *7 (Tex. App.—Waco Oct. 12, 2016, pet. denied) (mem. op.) (procedural default rule applied in juvenile habeas appeal).

---

[9] Based on the opinion, it appeared T.W.A. raised one claim similar to his current claim and another claim of ineffective assistance of counsel.

*Laches*

But even if an ineffective assistance of counsel claim had been raised, that claim and the claim actually raised, have been raised too late. "Equity aids the diligent and not those who slumber on their rights." *Callahan v. Giles*, 576, 137 Tex. 571, 155 S.W.2d 793, 795 (1941).

In the criminal context, the equitable doctrine of laches bars habeas relief "when an applicant's unreasonable delay has prejudiced the State, thereby rendering consideration of his claim inequitable." *Ex parte Perez*, 398 S.W.3d 206, 219 (Tex. Crim. App. 2013); *see also Ex Parte Smith*, 444 S.W.3d 661, 666-67 (Tex. Crim. App. 2014). No "particularized showing of prejudice" is required of the State, and prejudice has been broadly defined "to permit consideration of anything that places the State in a less favorable position, including prejudice to the State's ability to retry a defendant, so that a court may consider the totality of the circumstances in deciding whether to grant equitable relief." *Perez*, 398 S.W.3d at 215. Proof of prejudice is applied on a sliding scale where "the longer the delay, the less prejudice must be shown." *Id.* at 219.

In the civil context, to invoke the equitable doctrine of laches, the moving party ordinarily must show 1) an unreasonable delay by the opposing party in asserting its rights, and 2) the moving party's good faith and detrimental change in position because of the delay. *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010).

Our record shows that T.W.A. has been trying, by any means possible, to avoid his juvenile adjudication and disposition, *see In re Altschul*, No. 10-20-00280-CV, 2020 Tex. App. LEXIS 10416, *3-4 (Tex. App.—Waco Dec. 30, 2020, orig. proceeding) (mem. op.),

including 1) an allegedly forged order vacating T.W.A.'s "juvenile sentence(s)" in 1998 which T.W.A. attached to a motion filed in 2000 in Federal court in an effort to vacate a Federal sentence, 2) filing a motion in 2006 requesting a nunc pro tunc order to vacate the "improper judgment," which was denied, 3) filing an application for a writ of habeas corpus in this Court in 2006, and 4) requesting copies of another allegedly forged order signed in 2007 purportedly granting a habeas application and holding:

> …the Court will enter at this time *a nunc pro tunc judgment*[10] dismissing the proceedings with prejudice and finding that the case against [T.W.A.], the child the subject in Cause No. 2402-J in the 19th District Court of McLennan County, is hereby DISMISSED and VACATED. (Emphasis added).

T.W.A. takes issue with the juvenile court's finding that T.W.A. delayed more than 30 years in raising his current claim on habeas. He asserts that he raised this same claim in an application for writ of habeas corpus filed in this Court in 2006 and in an application for writ of habeas corpus filed in the juvenile court in 2007 which was noted on the juvenile court's docket sheet in the appellate record for this appeal. He also contends the State is not prejudiced by the delay because there would be no retrial if habeas relief was granted; the adjudication would be vacated.

We cannot confirm whether T.W.A. has ever raised this same issue in a habeas application in the juvenile court. We do not have a copy of the referenced application. The record filed with this Court for the 2007 mandamus proceeding involving the juvenile court's alleged failure to rule on T.W.A.'s writ of habeas corpus, *In re Altschul*,

---

[10] No nunc pro tunc judgment is contained in the appellate record or recorded in the juvenile court's docket sheet which is included in the appellate record.

236 S.W.3d 453 (Tex. App.—Waco 2007, orig. proceeding), which may have included a copy of T.W.A's application, was destroyed in compliance with this Court's State-mandated record retention policy for civil cases. And, as stated earlier, the application is not included in the record on appeal and is not entered on the juvenile court's docket sheet. Assuming without deciding T.W.A. raised the same issue sometime in the year before this Court's opinion in 2007, T.W.A. had still waited over 15 years[11] to assert in an application for a writ of habeas corpus that the juvenile court erroneously disregarded jury findings which constituted a violation of due process.

The State argues the application of laches in the criminal context. T.W.A. does not dispute this use. Regardless, under either the criminal or civil laches standard, the delay of 15 years in bringing this claim is unreasonable. Further, the State has been placed in a less favorable position than it would have been had T.W.A. brought an appeal or this habeas claim earlier when a record could have been available (criminal standard); and because of the delay, the State, in good faith, relied on the lack of appellate review of T.W.A.'s adjudication and disposition which detrimentally changed the State's position regarding T.W.A.'s juvenile proceedings since no record of the adjudication trial or any post trial hearings were preserved for later review (civil standard). Since either standard was met, T.W.A.'s habeas claim is barred.

CONCLUSION

For the reasons expressed, the trial court did not abuse its discretion in denying

---

[11] In calculating the number of years, we also assume without deciding what T.W.A. incorrectly filed in this Court in 2006 could be considered when applying the equitable doctrine of laches.

the relief requested in T.W.A.'s "Amendment to Dec. 22, 2020 Filed Petition for Writ of Habeas Corpus." Therefore, the "Order of the Trial Court," signed on December 30, 2021, which denied T.W.A's application for a writ of habeas corpus, is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Smith, and
     Justice Wright[12]
Affirmed
Opinion delivered and filed August 24, 2022
[CV06]



---

[12] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.