United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40284
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

TODD W. ALTSCHUL,

                              Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Eastern District of Texas
(1:03-CR-19-ALL)

--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Todd W. Altschul was convicted by a jury
of one count of assaulting a federal officer in violation of
18 U.S.C. § 111.  The district court sentenced him to serve 120
months in prison and a three-year term of supervised release.  The
court imposed this term of imprisonment to run consecutively to
several undischarged terms of incarceration that Altschul had been
sentenced to serve.  Altschul now appeals his conviction and

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence.  He also seeks appointment of new counsel.  Altschul's motion for new counsel is DENIED.

Altschul asserts that the evidence adduced at trial was insufficient to support his conviction because this evidence showed that the victim was a contract guard, not a federal employee.  As Altschul did not move for a judgment of acquittal, review of this issue is "limited to determining whether the record is devoid of evidence pointing to guilt."  United States v. Herrera, 313 F.3d 882, 885 (5th Cir. 2002) (en banc) (internal quotation and citation omitted), cert. denied, 537 U.S. 1242 (2003).  The evidence adduced at trial was sufficient to establish that the victim should be considered a federal employee for § 111 purposes.  See United States v. Jacquez-Beltran, 326 F.3d 661, 663 & n.5. (5th Cir.), cert. denied, 124 S. Ct. 320 (2003); United States v. Hooker, 997 F.2d 67, 74 (5th Cir. 1993).  Consequently, the evidence is likewise sufficient to support Altschul's conviction.  See Herrera, 313 F.3d at 885.

Altschul contends that the district court improperly instructed the jury concerning whether the victim was a federal employee.  Altschul has not shown that the district court's instructions, which tracked this circuit's pattern instruction for a § 111 offense, amount to plain error.  See United States v. McClatchy, 249 F.3d 348, 357 (5th Cir. 2001); United States v. Tomblin, 46 F.3d 1369, 1379 n.16 (5th Cir. 1995).  Altschul has not shown error in connection with his conviction.

Altschul likewise has not shown error in connection with his sentence. He contends that the district court misapplied U.S.S.G. § 5G1.2 when it directed that his term of imprisonment run consecutively to several other undischarged terms of incarceration. This argument is inapposite, as the record shows that the court's decision to require that Altshcul's prison sentence run consecutively to other prison sentences was not based on this Guideline.

Altschul also insists that the district court impermissibly double-counted when it imposed a sentencing adjustment pursuant to U.S.S.G. § 2A2.4. This argument is likewise inapposite. The district court sentenced Altschul as a career offender, and the proposed § 2A2.4 enhancement had no bearing on Altschul's sentence. Altschul has not shown error in connection with his conviction and sentence. Accordingly, the judgment of the district court is AFFIRMED.

MOTION FOR APPOINTMENT OF NEW COUNSEL DENIED; JUDGMENT OF DISTRICT COURT AFFIRMED.