**712**

UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfredo ALBARENGA–VILLALOBO,
Defendant–Appellant.

No. 04–20399.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Alfredo Albarenga–Villalobo (Albarenga) appeals from his sentence imposed on a guilty-plea conviction for illegal re-entry. The district court imposed a 58–month term of imprisonment, followed by a three-year term of supervised release.

For the first time on appeal, Albarenga contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)

are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As Albarenga concedes, this issue is foreclosed. *See Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Albarenga further argues that the Supreme Court's holding in *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), should be applied to sentences determined under the United States Sentencing Guidelines. As Albarenga also concedes, this argument is foreclosed by our opinion in *United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir. 2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), but he raises it to preserve it for possible further review. Accordingly, the sentence of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.