United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40285
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TODD W. ALTSCHUL,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(No. 1:02-CR-137-ALL)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Todd W. Altschul. See United States v. Altschul, 115 Fed. Appx. 712 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 543 U.S. —, 125 S. Ct. 738 (2005). See Altschul v. United States, — U.S. —, 125 S. Ct. 1955 (2005). This court requested and received supplemental letter briefs addressing the impact of Booker. Altschul argues that the district court erroneously based his sentence on facts that were neither admitted by him nor found by the jury. Our

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review is for plain error due to his failure to raise an appropriate objection in the district court.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), cert. denied, — U.S. —, 126 S. Ct. 43 (2005).

To establish plain error, Altschul must show that there is error, that it is clear, and that it affects both his substantial rights and the integrity of the proceedings.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732–33 (5th Cir. 2005), cert. denied, — U.S. —, 126 S. Ct. 267 (2005).  Altschul has met the first and second prongs of this test because the district court based his sentence upon facts that were neither admitted by him nor found by the jury.  See Mares, 402 F.3d at 521.  Nevertheless, Altschul is not entitled to relief, as the record does not show that he likely would have received a more lenient sentence if the district court had acted under an advisory sentencing scheme.  See Mares, 402 F.3d at 521.  Altschul thus has not shown that this error affected his substantial rights.  See id.  Because nothing in the Supreme Court's Booker decision requires us to change our prior opinion in this case, we reinstate that opinion.  The judgment of the district court is AFFIRMED.