In re Todd–Warren ALTSCHUL.

No. 10–06–00301–CR.

Court of Appeals of Texas,
Waco.

Nov. 8, 2006.

Todd Warren Altschul, Lovelady, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA. (Chief Justice GRAY joins no part or portion of this Opinion. He does, however, agree with the Court's judgment dismissing this proceeding, as presented, for want of jurisdiction.)

## OPINION

BILL VANCE Justice.

Todd–Warren Altschul has filed a pro se petition for writ of habeas corpus. His first issue asserts that Texas law violates due process because it does not provide a means for him to collaterally attack his allegedly void prior juvenile conviction, which he says is being used to enhance the federal sentences he is currently serving. The second issue asserts that he is entitled to habeas relief because his allegedly void prior juvenile conviction has collateral consequences.

Altschul is currently imprisoned at the Eastham Unit of the Texas Department of Criminal Justice, Institutional Division (TDCJ–ID). It is unclear what state felony sentence he is currently serving in TDCJ–ID, but he asserts that under the United States Sentencing Guidelines, his allegedly void prior juvenile conviction increased two federal sentences that he is apparently serving concurrently with his state felony sentence: an 87–month sentence for mail fraud,[1] and a 120–month sentence for assaulting a federal officer.[2] *See* U.S.S.G. § 4A1.2(d)(2)(A), (B)[3]; § 4A1.3(a) (providing for upward departures based in part on defendant's criminal history); *see, e.g., United States v. Holland*, 26 F.3d 26, 27–29 (5th Cir.1994) (holding that district court properly used defendant's juvenile adjudications to calculate his criminal history score). Altschul, citing U.S. Supreme Court decisions and a U.S. Sentencing Guideline note, claims that before he can re-open his federal convictions and seek relief on the ground of a void state conviction, he must first successfully obtain relief in the state court of conviction. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); U.S.S.G. § 4A1.2, Application Note 6.[4]

---

1. *United States v. Altschul*, 115 Fed.Appx. 712 (5th Cir.2004), *vacated*, 544 U.S. 997, 125 S.Ct. 1955, 161 L.Ed.2d 770 (2005), *op. reinstated*, 156 Fed.Appx. 644 (5th Cir.2005).

2. *United States v. Altschul*, 116 Fed.Appx. 482 (5th Cir.2004).

3. (d) **Offenses Committed Prior to Age Eighteen**

 (1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence.
 (2) In any other case,
 (A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;

(B) add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).
U.S.S.G. § 4A1.2(d).
 Texas law provides for enhancement of felonies for certain juvenile adjudications based on conduct occurring on or after January 1, 1996. *See* TEX. FAM.CODE ANN § 51.13(d) (Vernon Supp.2006); TEX. PEN.CODE ANN. § 12.42(f) (Vernon Supp.2006).

4. An application note to the federal sentencing guidelines states:
 6. Reversed, Vacated, or Invalidated Convictions. Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently-discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be

■ Altschul's complaints center on his prior Texas juvenile adjudication. He alleges that in March 1989, in his juvenile delinquency trial (for criminal mischief, possession of a prohibited weapon, and burglary of a building), the jury found him not responsible by means of mental illness. *See* TEX. FAM.CODE ANN. § 55.51 (Vernon 2002). Altschul alleges that the trial court disregarded the jury's verdict and found that he had engaged in delinquent conduct and ordered him into the custody of the Texas Youth Commission.[5] Altschul claims that he was released from custody shortly thereafter. He also alleges that his appointed lawyer provided ineffective assistance because he did not object to the trial court's alleged actions and did not appeal the adjudication.[6] Altschul argues that Texas law does not allow him to collaterally attack his prior juvenile adjudication because he is not currently confined under that conviction.[7]

■ We agree with Altschul that no specific Texas statute or case appears to address his situation. Generally, Texas law provides:

A prior conviction that was alleged in a later offense may be collaterally attacked if it is void or if it is tainted by a constitutional defect. *Galloway v. State,* 578 S.W.2d 142, 143 (Tex.Crim.App. [Panel Op.] 1979). Other infirmities in a prior conviction, such as insufficiency of the evidence or irregularities in the judgment or sentence, may not be raised by a collateral attack. *Id.* Instead, the proper vehicle to attack a prior conviction for insufficient evidence or other irregularities is through an application for writ of habeas corpus. TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp.2001). An applicant may attack the validity of a former final felony conviction under article 11.07 even if he is not currently confined as a result of that conviction, so long as he is in fact "confined" on some other offense and the former conviction has collateral adverse consequences. *See Ex parte Renier,* 734 S.W.2d 349, 353 (Tex.Crim.App.1987) (op. on reh'g); *see also State ex rel. Holmes v. Honorable Court of Appeals for Third Dist.,* 885 S.W.2d 389, 414 n. 21 (Tex.Crim.App.1994) (orig.proceeding) (Clinton, J., dissenting).

*Wilson v. State,* 44 S.W.3d 602, 605–06 (Tex.App.-Fort Worth 2001, pet. ref'd).

counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law (e.g., 21 U.S.C. § 851 expressly provides that a defendant may collaterally attack certain prior convictions).

Nonetheless, the criminal conduct underlying any conviction that is not counted in the criminal history score may be considered pursuant to § 4A1.3 (Adequacy of Criminal History Category).

U.S.S.G. § 4A1.2, Application Note 6.

**5.** Altschul states that he was sent to an MHMR facility in Waco for a post-trial evaluation, and after the MHMR physicians found he was not mentally retarded, the trial court disregarded the jury's verdict.

**6.** A juvenile has a constitutional (due process) and statutory right to the effective assistance of counsel in a juvenile adjudication proceeding. *R.X.F. v. State,* 921 S.W.2d 888, 902 (Tex.App.-Waco 1996, no writ) (citing TEX. FAM.CODE ANN. § 51.10). But a claim for ineffective assistance of counsel is best raised in a habeas corpus proceeding. *M.B. v. State,* 905 S.W.2d 344, 346 (Tex.App.-El Paso 1995, no writ).

**7.** "Confinement" for purposes of a post-conviction writ of habeas corpus under article 11.07 means confinement "for any offense or any collateral consequence resulting from the conviction that is the basis of the instant habeas corpus." TEX.CODE CRIM. PROC. ANN. art. 11.07, § 3(c) (Vernon 2005).

When the prior conviction is the result of a juvenile being improperly convicted in a criminal district court, the Court of Criminal Appeals has found the prior conviction void and afforded habeas relief by setting it aside. *See Ex parte Waggoner,* 61 S.W.3d 429 (Tex.Crim.App.2001). But when a juvenile who was adjudicated as having engaged in delinquent conduct was transferred to serve the remainder of his sentence in TDCJ–ID, the Court of Criminal Appeals found that juvenile adjudications are not "convictions" for purposes of article 11.07; because all juvenile adjudications "remain on the civil side of our judicial system unless transferred to a criminal court, article 11.07 should not be used to transport juvenile cases to the criminal side for the single, specific proceeding of an application for writ of habeas corpus." *Ex parte Valle,* 104 S.W.3d 888, 890 (Tex. Crim.App.2003); *see id.* (also noting that Juvenile Justice Code's appeal procedures do not limit juvenile's right to obtain writ of habeas corpus) (citing Tex. Fam.Code Ann. § 56.01(*o*)).[8]

 Unlike the applicant in *Valle,* Altschul is not seeking *direct* habeas relief from his juvenile adjudication, but from its collateral consequences, which is properly presented in a petition for writ of habeas corpus. *See Ex parte Langston,* 510 S.W.2d 603, 604 (Tex.Crim.App.1974). Thus, under *Hoang v. State,* the Court of Criminal Appeals would appear to have

authority to address Altschul's complaints in a habeas corpus proceeding:

> [T]he fact that a judgment's validity is questioned in a legal proceeding does not mean that it is under attack. Neither does it mean that a finding of invalidity necessarily operates to set it aside. Where, as in the present context, for example, it is impossible to dispose of issues before a habeas court without its passing upon the validity of a prior judgment, the court does not lack authority to determine whether the prior judgment is void just because it has no authority to vacate that judgment. . . .

*Hoang v. State,* 872 S.W.2d 694, 696–97 (Tex.Crim.App.1993). And under *Valle,* the court of Altschul's original juvenile adjudication has authority to address Altschul's complaints in a habeas corpus proceeding because he alleges collateral consequences. *See Valle,* 104 S.W.3d at 889–90; Tex. Fam.Code Ann. § 56.01(*o*).

 Based on the above discussion, we find that a habeas corpus proceeding is the proper forum for Altschul's complaints. We, however, as an intermediate court of appeals, have no jurisdiction over postconviction writs of habeas corpus in felony cases. *Ex parte Martinez,* 175 S.W.3d 510, 512–13 (Tex.App.-Texarkana 2005) (orig.proceeding) (citing Tex.Code Crim. Proc. Ann. art. 11.07(3)(a), (b) (Vernon 2005)). Nor do we have original jurisdiction to address the juvenile adjudication. *See Valle,* 104 S.W.3d at 890. Therefore,

---

8. The court in *Valle* commented:

We have held that Article V, section 8 of the Texas Constitution gives the district court plenary power to issue the writ of habeas corpus. [citing *Ex parte Hargett,* 819 S.W.2d 866, 867 (Tex.Crim.App.1991)]. Although we express no opinion on the matter, we notice that a court of civil appeals held that it had appellate jurisdiction of an appeal from a habeas corpus proceeding in which the validity of an adjudication of delinquen-

cy was challenged but upheld, [citing *In re Torres,* 476 S.W.2d 883, 884 (Tex.Civ.App.-El Paso 1972, no writ), and *M.B. v. State,* 905 S.W.2d 344, 346 (Tex.App.-El Paso 1995, no writ)] and that several courts of appeals have entertained appeals when writs of habeas corpus were issued by district courts on the application of juveniles accused of delinquent conduct.

*Ex parte Valle,* 104 S.W.3d 888, 890 & nn.12–13 (Tex.Crim.App.2003) (footnotes omitted).

we must dismiss this proceeding for want of jurisdiction.