

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00111-CR

CECIL R. MCDONALD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2000-434,614, Honorable Bradley S. Underwood, Presiding

April 24, 2013

## OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Cecil McDonald, a.k.a. Cecil Trimble, has filed in this Court his "Direct Appeal" in which he again attempts to mount an appeal from his conviction for murder in trial court cause number 2000-434,614. In his notice of appeal, he again maintains that his trial counsel was ineffective for, *inter alia*, failing to file an appeal from his conviction. However, having reviewed our own records, we see that a direct appeal from his conviction was disposed of on its merits by this Court by our opinion of August 29, 2007 in which we affirmed his conviction. See McDonald v. State, No. 07-06-00276-CR,

2007 Tex.App. LEXIS 7139 (Tex.App.—Amarillo Aug. 29, 2007, pet. ref'd) (mem. op., not designated for publication).[1] The Texas Court of Criminal Appeals refused McDonald's petition for discretionary review. See In re Trimble, No. PD-1435-07, 2008 Tex. Crim. App. LEXIS 45 (Tex.Crim.App. Jan. 16, 2008) (decision without published opinion). Subsequently, our mandate issued May 15, 2008. This Court's plenary power expired sixty days after judgment. See TEX. R. APP. P. 19.1(a).

Despite having received appellate review of his conviction, appellant has continued to urge ineffective assistance of counsel and has continued to seek additional review of this same conviction. In December 2011, he attempted to perfect another appeal from his conviction. See McDonald v. State, 07-11-00491-CR, 2011 Tex. App. LEXIS 9941 (Tex.App.—Amarillo, Dec. 16, 2011, no pet.) (mem. op., not designated for publication). By our opinion in that case, we dismissed his appeal, having concluded that we were without jurisdiction over it. See id. Appellant persisted and, one year later, in December 2012, attempted to file another notice of appeal, this time by way of his "Application for a Certificate of Appealability." See McDonald v. State, 07-12-00512-CR, 2012 Tex. App. LEXIS 10190 (Tex.App.—Amarillo, Dec. 7, 2012, no pet.) (mem. op., not designated for publication). We again concluded that we were without jurisdiction over the appeal and, accordingly, dismissed it. See id. In his ongoing efforts, he filed the instant appeal. Though each of appellant's *pro se* submissions to

---

[1] Because McDonald's first notice of appeal from his 2001 conviction was untimely, we had to dismiss his original appeal on that basis. See Trimble v. State, No. 07-02-00101-CR, 2002 Tex. App. LEXIS 1656 (Tex.App.—Amarillo March 4, 2002, no pet.) (per curiam). The Texas Court of Criminal Appeals granted McDonald an out-of-time appeal. See Ex parte McDonald, No. AP-75,435, 2006 Tex. Crim. App. Unpub. LEXIS 723 (Tex. Crim. App. June 14, 2006) (per curiam) (not designated for publication).

this Court has been labeled differently, the substance of appellant's submission's has been the same: he alleges ineffective assistance of counsel in connection with his conviction in trial court cause number 2000-434,614. In the instant appeal, we reiterate our conclusion that we are without jurisdiction to entertain this appeal from the same 2001 conviction and, accordingly, we will dismiss this appeal for want of jurisdiction. See TEX. R. APP. P. 43.2(f); see also Coleman v. State, No. 03-11-00648-CR, 2011 Tex. App. LEXIS 9653, at *2 (Tex.App.—Austin Dec. 8, 2011, no pet.) (mem. op., not designated for publication) (observing that an appellant is not entitled to a second appeal from the same conviction).

Before doing so, we add the following observations and instructions. "Every court has inherent power, exercisable in its sound discretion, consistent within the constitution and statutes, to control disposition of causes on its docket with economy of time and effort." Brager v. State, No. 0365-03, 2004 Tex. Crim. App. LEXIS 2203, at *5 (Tex. Crim. App. Oct. 13, 2004) (en banc) (not designated for publication) (quoting Latham v. Casey & King Corp., 127 N.W.2d 225, 226 (Wis. 1964)). This inherent judicial power "is not derived from legislative grant or specific constitutional provision, but from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities." Id. at *6 (citing State v. Johnson, 821 S.W.2d 609, 612 (Tex. Crim. App. 1991) (en banc), and quoting Eichelberger v. Eichelberger, 582 S.W.2d 395, 398 (Tex. 1979)).

In response to appellant's multiple attempts to file subsequent appeals from the same 2001 judgment of conviction in trial court cause number 2000-434,614, one which has already been the subject of a direct appeal and petition for discretionary review, we

3

admonish appellant against filing another notice of appeal in this Court in which he lodges a direct, substantive attack against the trial court's judgment of conviction in 2000-434,614. Based on our repeated disposition of his attempted subsequent appeals, appellant's persistence suggests that he does not genuinely pursue appellate review of his conviction—he has received such—and that he, instead, has engaged in bad faith abuse of the judicial process by repeatedly seeking a remedy to which he is not entitled.

While appellant's efforts in furtherance of the same course of action in the face of clear and repeated conclusions that we lack jurisdiction over such an appeal *suggest* bad faith abuse of the judicial process and this Court's resources, any further attempts by McDonald to file a direct appeal of his conviction in trial court cause number 2000-434,614 will be deemed such by this Court. In that event, the Court will consider its broad range of inherent powers, including its power to sanction, which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, or in the preservation of its independence and integrity. See id.; Johnson, 821 S.W.2d at 612 (citing Kutch v. Del Mar College, 831 S.W.2d 506, 510 (Tex.App.—Corpus Christi 1992, no writ), for the proposition that a court's inherent power to punish exists to extent necessary to deter, alleviate, and counteract bad faith abuse of judicial process such as any significant interference with traditional core functions of Texas courts).

Pursuant to this Court's inherent power to control its docket, we hereby direct appellant to refrain from filing additional direct appeals from trial court cause number 2000-434,614. See Brager, 2004 Tex. Crim. App. LEXIS, at *5; see also TEX. R. APP. P. 43.6. Having concluded, as we have on two earlier occasions, that we lack jurisdiction

4

over this matter, we dismiss this appeal for want of jurisdiction.  <u>See</u> <u>Slaton v. State</u>, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).



Mackey K. Hancock<br>
Justice

Publish.


5