# NOS. 12-19-00119-CR
# 12-19-00120-CR
# 12-19-00121-CR
# 12-19-00122-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY COLEMAN HICKS,*<br>*APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

These appeals are being dismissed for want of jurisdiction. Larry Coleman Hicks, acting pro se, filed a notice of appeal to challenge his convictions in trial court cause numbers 4-95-109, 4-95-528, 4-95-529, and 4-95-531. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or within ninety days if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. In all four cases, sentence was imposed on October 13, 1997. Appellant filed his notice of appeal as to all four cases on April 3, 2019, long after the time for filing a notice of appeal under Rule 26.2(a) or for seeking a motion to extend under Rule 26.3.

On May 6, Appellant's newly appointed counsel filed a memorandum of law regarding jurisdiction and the timely filing of notice of appeal, in which he concedes that no timely notice of appeal was filed in the four cases. Thus, he states that "Appellant cannot establish a legal basis by

which the Court could claim jurisdiction over these matters" and expresses his belief that dismissal is required. We agree.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[1] *See* TEX. R. APP. P. 26.2, 26.3; *see also* **Slaton v. State**, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); **Olivo v. State**, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Here, Appellant's convictions are final and his appeals are untimely.

Additionally, we note that every court has the inherent power, exercisable in its sound discretion, consistent with the constitution and statutes, to control disposition of the causes on its docket with economy of time and effort. *Brager v. State*, No. 0365-03, 2004 WL 3093237, at *2 (Tex. Crim. App. Oct. 13, 2004) (en banc) (not designated for publication) (quoting *Latham v. Casey & King Corp.*, 127 N.W.2d 225, 226 (Wis. 1964)). A court's broad range of inherent powers are those it may call upon to aid in the exercise of its jurisdiction, administration of justice, and preservation of its independence and integrity. *Id*. This includes the power to impose sanctions for misconduct other than those sanctions authorized by procedural rules which punish the same conduct. *Id*. Appellant recently filed numerous appeals regarding various cause numbers, all of which we dismissed for want of jurisdiction. *See* **Hicks v. State,** No. 12-19-00106-CR, 2019 WL 1760115 (Tex. App.—Tyler Apr. 10, 2019, no pet.) (mem. op., not designated for publication); *see also* **Hicks v. State,** No. 12-19-00079-CR, 2019 WL 1141759 (Tex. App.—Tyler Mar. 12, 2019, no pet.) (mem. op., not designated for publication); **Hicks v. State,** No. 12-18-00360-CR, 2019 WL 302786 (Tex. App.—Tyler Jan. 23, 2019, no pet.) (mem. op., not designated for publication); **Hicks v. State**, No. 12-18-00307-CR, 2018 WL 6521643 (Tex. App.—Tyler Dec. 12, 2018, no pet.) (mem. op., not designated for publication); **Hicks v. State**, No. 12-18-00286-CR, 2018 WL 6191107 (Tex. App.—Tyler Nov. 28, 2018, no pet.) (mem. op., not designated for publication); **Hicks v. State**, No. 12-18-00263-CR, 2018 WL 5023619 (Tex. App.—Tyler Oct. 17,

---

[1] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also Kossie v. State*, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).

2018, no pet.) (mem. op., not designated for publication); *Hicks v. State*, No. 12-18-00211-CR, 2018 WL 4214204 (Tex. App.—Tyler Sept. 5, 2018, no pet.) (mem. op., not designated for publication); *Hicks v. State*, No. 12-18-00164-CR, 2018 WL 3454878 (Tex. App.—Tyler July 18, 2018, no pet.) (mem. op., not designated for publication).  Nevertheless, Appellant continues filing notices of appeal to challenge convictions for which the time for perfecting appeal has long passed and over which this Court lacks jurisdiction.  Appellant's repeatedly seeking a remedy to which he is not entitled constitutes bad faith abuse of the judicial process.  *See McDonald v. State*, 401 S.W.3d 360, 362-63 (Tex. App.—Amarillo 2013, pet. ref'd) ("appellant's persistence suggests that he does not genuinely pursue appellate review of his conviction—he has received such—and that he, instead, has engaged in bad faith abuse of the judicial process by repeatedly seeking a remedy to which he is not entitled").

While we recognize Appellant's dissatisfaction with the proceedings that led to his convictions, due to a lack of jurisdiction conferred upon us by the Legislature, we simply cannot address Appellant's complaints.  Appellant's repeated frivolous filings waste judicial and fiscal resources.  *See Ex parte Jones*, 97 S.W.3d 586, 588 (Tex. Crim. App. 2003).  Accordingly, any further attempts by Appellant to file a direct appeal of his convictions in trial court cause numbers 4-95-109, 4-95-528, 4-95-529, and 4-95-531 will be deemed an abuse of the judicial process.  *See McDonald*, 401 S.W.3d at 363.  Under such circumstances, this Court will consider its broad range of inherent powers, including its power to sanction.  *See id*.

Pursuant to our inherent power to control this Court's docket, we direct Appellant to refrain from filing additional direct appeals from trial court cause numbers 4-95-109, 4-95-528, 4-95-529, and 4-95-531.  *See id*.  We *dismiss* Appellant's appeals for *want of jurisdiction*.  *See* TEX. R. APP. P. 43.2(f).

Opinion delivered May 8, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 8, 2019**

**NO. 12-19-00119-CR**

**LARRY COLEMAN HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 4-95-109)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 8, 2019**

**NO. 12-19-00120-CR**

**LARRY COLEMAN HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 4-95-528)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 8, 2019**

**NO. 12-19-00121-CR**

**LARRY COLEMAN HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

___

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 4-95-529)

___

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 8, 2019**

**NO. 12-19-00122-CR**

**LARRY COLEMAN HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 4-95-531)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*