# NOS. 12-19-00205-CR
## 12-19-00207-CR
## 12-19-00208-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIE JAMES GREEN, JR.,* *APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

These appeals are being dismissed for want of jurisdiction. Willie James Green, Jr., acting pro se, filed a notice of appeal regarding trial court cause numbers 007-0784-01, 007-1519-09, and 007-1992-09. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or within ninety days if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. In this case, sentence was imposed on (1) September 21, 2001, in trial court cause number 007-0784-01, (2) December 14, 2009, in trial court cause number 007-1519-09, and (3) December 14, 2009, in trial court cause number 007-1992-09. Appellant filed his notice of appeal on May 28, 2019, long after the time for filing a notice of appeal under Rule 26.2(a) or for seeking a motion to extend under Rule 26.3.

On May 28, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by Texas

Rule of Appellate Procedure 26.2 and no timely motion for extension of time to file same as permitted by Texas Rule of Appellate Procedure 26.3. The notice informed Appellant that the appeals would be dismissed unless the information was amended on or before June 7 to show this Court's jurisdiction. The deadline passed without a response from Appellant.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[1] *See* TEX. R. APP. P. 26.2, 26.3; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In the present case, Appellant's appeals are untimely.

Additionally, we note that every court has the inherent power, exercisable in its sound discretion, consistent with the constitution and statutes, to control disposition of the causes on its docket with economy of time and effort. *Brager v. State*, No. 0365-03, 2004 WL 3093237, at *2 (Tex. Crim. App. Oct. 13, 2004) (en banc) (not designated for publication) (quoting *Latham v. Casey & King Corp.*, 127 N.W.2d 225, 226 (Wis. 1964)). A court's broad range of inherent powers are those it may call upon to aid in the exercise of its jurisdiction, administration of justice, and preservation of its independence and integrity. *Id*. This includes the power to impose sanctions for misconduct other than those sanctions authorized by procedural rules which punish the same conduct. *Id*. Appellant recently filed appeals from trial court cause numbers 007-0784-01, 007-1519-09, and 007-1992-09, as well as other trial court cause numbers, and we dismissed the appeals for want of jurisdiction. *See Green v. State*, Nos. 12-19-00139-CR, 12-19-00141-CR, 12-19-00142-CR, 2019 WL 1922800 (Tex. App.—Tyler Apr. 30, 2019, no pet. h.) (mem. op., not designated for publication); *see also Green v. State*, No. 12-19-00143-CR, 2019 WL 1922767 (Tex. App.—Tyler Apr. 30, 2019, no pet. h.) (mem. op., not designated for publication); *Green v. State*, 12-19-00140-CR, 2019 WL 1922771 (Tex. App.—Tyler Apr. 30, 2019, no pet. h.) (mem. op., not designated for publication). Nevertheless, Appellant continues filing notices of appeal to

---

[1] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also Kossie v. State*, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).

challenge convictions for which the time for perfecting appeal has long passed and over which this Court lacks jurisdiction. Appellant's repeatedly seeking a remedy to which he is not entitled constitutes bad faith abuse of the judicial process. *See McDonald v. State*, 401 S.W.3d 360, 362-63 (Tex. App.—Amarillo 2013, pet. ref'd) ("appellant's persistence suggests that he does not genuinely pursue appellate review of his conviction—he has received such—and that he, instead, has engaged in bad faith abuse of the judicial process by repeatedly seeking a remedy to which he is not entitled").

Due to a lack of jurisdiction conferred upon us by the Legislature, we simply cannot address Appellant's complaints. Appellant's repeated frivolous filings waste judicial and fiscal resources. *See Ex parte Jones*, 97 S.W.3d 586, 588 (Tex. Crim. App. 2003). Accordingly, any further attempts by Appellant to file a direct appeal of his convictions in trial court cause numbers 007-0784-01, 007-1519-09, and 007-1992-09 will be deemed an abuse of the judicial process. *See McDonald*, 401 S.W.3d at 363. Under such circumstances, this Court will consider its broad range of inherent powers, including its power to sanction. *See id*.

Pursuant to our inherent power to control this Court's docket, we direct Appellant to refrain from filing additional direct appeals from trial court cause numbers 007-0784-01, 007-1519-09, and 007-1992-09. *See id*. We ***dismiss*** Appellant's appeals for ***want of jurisdiction***. *See* TEX. R. APP. P. 43.2(f).

Opinion delivered June 19, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 19, 2019

NO. 12-19-00205-CR

**WILLIE JAMES GREEN, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0784-01)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 19, 2019**

**NO. 12-19-00207-CR**

**WILLIE JAMES GREEN, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1519-09)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 19, 2019

NO. 12-19-00208-CR

**WILLIE JAMES GREEN, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1992-09)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*