**Opinion filed January 5, 2023**



# In The

# Eleventh Court of Appeals

_____

## No. 11-22-00361-CV

_____

## IN RE A.V., A JUVENILE

**Original Habeas Corpus Proceeding**

## M E M O R A N D U M   O P I N I O N

A.V. has filed in this court a pro se application for writ of habeas corpus related to a juvenile adjudication that occurred in 2016. On March 17, 2016, A.V. received a thirty-year determinate sentence for engaging in organized criminal activity and committing aggravated robbery. Two years later, prior to A.V. turning nineteen, the juvenile court held a transfer hearing and determined that A.V. should be transferred from the Texas Juvenile Justice Department (TJJD) to the Texas Department of Criminal Justice (TDCJ), rather than released to TDCJ's Parole Division as recommended by TJJD. A.V. appealed his juvenile adjudication and his transfer, and we affirmed both the adjudication and the juvenile court's transfer order. *In the Matter of A.V.*, No. 11-16-00078-CV, 2017 WL 2484348, at *1 (Tex.

App.—Eastland June 8, 2017, no pet.) (mem. op.); *In the Matter of A.V.*, No. 11-18-00135-CV, 2020 WL 2836432 (Tex. App.—Eastland May 29, 2020, no pet.) (mem. op.).

If a juvenile receives a determinate sentence under Section 54.04(d)(3), 54.04(m), or 54.05(f) of the Texas Family Code, the juvenile must serve a minimum period of confinement (MPC) before TJJD may release the juvenile without the juvenile court's prior approval. TEX. HUM. RES. CODE ANN. § 245.051(c) (West 2013); TEX. FAM. CODE ANN. § 53.045 (West 2022) (aggravated robbery is an eligible offense for a determinate sentence if the prosecution refers the petition to a grand jury); FAM. § 54.04(d)(3) (providing sentencing caps for the juvenile court or jury based on the type or degree of felony offense); *see also* FAM. § 54.11(a) (requiring hearing for transfer or release); HUM. RES. §§ 244.014, 245.151 (parameters for referrals for transfer and termination of department control). The MPC depends on the type or degree of the felony offense. *See, e.g.*, HUM. RES. § 245.051(c)(2) (providing a three-year MPC for first-degree felonies).

In his application, A.V. asserts that the juvenile court did not provide him with jailtime credit for time served while under mandatory supervision and home confinement prior to his adjudication. As a result of this alleged omission, A.V. asserts that he was unable to serve his required minimum period of confinement before the juvenile court's transfer hearing. *See* HUM. RES. § 245.051(c)(2). Therefore, A.V. contends that he could not rely solely on TJJD's recommendation for release to the Parole Division and was instead subjected to a transfer hearing. *See id.* A.V. requests that we "reverse" the "proceedings that contributed to" his transfer so that A.V. may receive more time credit and secure release on parole.

To obtain any relief, A.V. must begin with the juvenile court. *In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) (orig. proceeding) (the juvenile court has exclusive jurisdiction over juvenile proceedings involving delinquent conduct, and such

jurisdiction continues after the child reaches the age of majority); *see also* TEX. CONST. art. V, § 16 (county court judges "have the power to issue writs necessary to enforce their jurisdiction"); FAM. § 56.01(o) (the Juvenile Justice Code does not limit a juvenile's right to obtain a writ of habeas corpus). First, to correct time credit errors, if any, in the judgment, A.V. must file a motion for a judgment nunc pro tunc with the juvenile court. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (time credit issues may be "raised and resolved by *nunc pro tunc* proceedings," not habeas proceedings).

Second, if A.V. proceeds with habeas proceedings, A.V. must first file his application with the juvenile court so the court may determine the outcome of the application. *See In re Dorsey*, 465 S.W.3d 656, 657 (Tex. Crim. App. 2015) (mem.) (Richardson, J., concurring) (pro se complaint regarding time credit in juvenile proceeding may be raised by a writ of habeas corpus but must be done "through the juvenile justice system"). We note that A.V. may not seek a writ of habeas corpus through Article 11.07 of the Texas Code of Criminal Procedure because juvenile proceedings are civil in nature. *See Hall*, 286 S.W.3d at 927 (because juvenile proceedings are civil in nature, the Texas Supreme Court, "rather than the Court of Criminal Appeals, is the Texas court of last resort" for juvenile matters).

We also note that, to the extent A.V. attempts to relitigate the propriety of the juvenile court's transfer order, we lack jurisdiction to "reverse the proceedings" and provide him relief on such grounds. *See* TEX. R. APP. P. 19.1 (court of appeals' plenary power to vacate or modify judgment expires 60 days after its judgment); *cf. McDonald v. State*, 401 S.W.3d 360, 362 (Tex. App.—Amarillo 2013, pet. ref'd) (court of appeals lacked jurisdiction to hear subsequent appeals of a previously affirmed conviction); *Burnette v. State*, No. 11-05-00047-CR, 2005 WL 608146, at *1 (Tex. App.—Eastland Mar. 17, 2005, no pet.) (not designated for publication) (same).

3

A.V. has not filed a motion for judgment nunc pro tunc nor an application for writ of habeas corpus in the juvenile court. Therefore, we lack jurisdiction to consider his current application. *See* TEX. GOV'T CODE ANN. § 22.221(d) (West Supp. 2022) (limited writ powers granted to the courts of appeals); *In re Altschul*, 207 S.W.3d 427, 430–31 (Tex. App.—Waco 2006, orig. proceeding) (noting same); *In re J.M.W.*, No. 12-17-00043-CV, 2017 WL 513056, at *1 (Tex. App.—Tyler Feb. 8, 2017, orig. proceeding) (mem. op.) (same).

Accordingly, we dismiss the application for writ of habeas corpus for want of jurisdiction.

PER CURIAM

January 5, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4