**Opinion filed January 30, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00322-CR

_____

**CHESTER LEE FINNEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-34,331**

## M E M O R A N D U M   O P I N I O N

In 2008, a jury found Appellant, Chester Lee Finney, guilty of the first-degree felony offense of aggravated sexual assault of a child and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of forty-five years. *See* TEX. PENAL CODE ANN. 22.021(a), (e) (West 2019). The following year, we affirmed the trial court's judgment of

conviction. *Finney v. State*, No. 11-08-00056-CR, 2009 WL 3489940, at *3 (Tex. App.—Eastland Oct. 29, 2009, no pet.) (mem. op., not designated for publication). Appellant has filed a pro se notice of appeal challenging the same conviction. We dismiss this appeal.

When this appeal was docketed, we notified Appellant by letter that his recent pro se notice of appeal was untimely. *See* TEX. R. APP. P. 26.2(a). In our letter, we requested that Appellant respond and show grounds to continue the appeal, and we notified Appellant that this appeal may be dismissed. Appellant filed a response but has not shown any grounds upon which this appeal may proceed.

A second direct appeal is not authorized by law. *McDonald v. State*, 401 S.W.3d 360, 362 (Tex. App.—Amarillo 2013, pet. ref'd); *Burnette v. State*, No. 11-05-00047-CR, 2005 WL 608146, at *1 (Tex. App.—Eastland Mar. 17, 2005, no pet) (not designated for publication). Moreover, pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a). Appellant attempts to appeal the same conviction that has already been affirmed by this court, and he filed this pro se notice of appeal nearly sixteen years after his sentence was imposed. Accordingly, we do not have jurisdiction to entertain this appeal.[1] *McDonald*, 401 S.W.3d at 362; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

---

[1]To the extent that Appellant's notice of appeal indicates that he is seeking post-conviction relief, we note that the Texas Court of Criminal Appeals has exclusive jurisdiction in post-conviction felony proceedings. *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). We further note that Appellant has filed numerous post-conviction writs of habeas corpus with the Court of Criminal Appeals that have been denied or dismissed. *See, e.g., Ex parte Finney*, WR-73,702-01 (Tex. Crim. App. Apr. 28, 2010) (denied); *Ex parte Finney*, WR-73,702-04 (Tex. Crim. App. Apr. 16, 2014) (dismissed as subsequent application under Article 11.07, Section 4 of the Texas Code of Criminal

We dismiss this appeal for want of jurisdiction.


JOHN M. BAILEY

CHIEF JUSTICE


January 30, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J.[2]

Trotter, J., not participating.

---

Procedure).
   [2]Jim. R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, siting by assignment.