

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00780-CR

Detrick **DEROVEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 1996CR3437A
The Honorable Kristina Escalona, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Irene Rios, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: February 12, 2025

DISMISSED FOR LACK OF JURISDICTION

Appellant Detrick Deroven was convicted of capital murder, and the trial court imposed a sentence of life imprisonment on November 20, 1997. Because Deroven filed a motion for new trial, the notice of appeal was due to be filed on February 18, 1998. *See* TEX. R. APP. P. 26.2(a)(2). A motion for extension of time to file the notice of appeal was due on March 5, 1998. *See id.* R. 26.3. Deroven filed a notice of appeal on March 6, 1998. Because a timely notice of appeal is necessary to invoke a court of appeals' jurisdiction, *see Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996), we dismissed Deroven's appeal for lack of jurisdiction on May 13, 1998. *See*

*Deroven v. State*, No. 04-98-00234-CR, 1998 WL 236310, at *1 (Tex. App.—San Antonio May 13, 1998, no pet.) (mem. op., not designated for publication). On October 28, 1998, the Texas Court of Criminal Appeals granted Deroven an out-of-time appeal. *Ex parte Deroven*, No. AP-73,203 (Tex. Crim. App. Oct. 28, 1998); *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). We thereafter considered Deroven's direct appeal, and on January 26, 2000, affirmed the trial court's judgment of conviction. *See Deroven v. State*, No. 04-98-00942-CR, 2000 WL 84650, at *1 (Tex. App.—San Antonio Jan. 26, 2000, pet. ref'd) (mem. op., not designated for publication).

On January 18, 2022, Deroven filed a motion for forensic DNA testing of evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1). The trial court denied the motion on March 16, 2022. Appellant's notice of appeal from this denial was due on April 18, 2022. *See* TEX. R. APP. P. 26.2(a)(1); *see also id.* R. 25.2(a)(2); TEX. CODE CRIM. PROC. ANN. art. 64.05; *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010) ("[A]n order denying DNA testing is an 'appealable order' under Rule 25.2(a)(2)."). However, more than a year later, on April 27, 2023, Deroven filed a *pro se* notice of appeal. We dismissed this appeal for want of jurisdiction. *See Deroven v. State*, No. 04-23-00477-CR, 2023 WL 3984883, at *1 (Tex. App.—San Antonio June 14, 2023, no pet.) (mem. op., not designated for publication).

On November 4, 2024, Deroven again filed a *pro se* notice of appeal "from the judgment" in the underlying cause. He also filed in the trial court a petition for writ of mandamus and a request that he be appointed counsel in connection with a potential post-conviction writ of habeas corpus. On November 14, 2024, the trial court appointed Deroven counsel.

The deadline for Deroven to timely file a notice of appeal from his judgment of conviction has long since expired. *See Deroven*, 1998 WL 236310, at *1. Moreover, we ultimately considered Deroven's direct appeal from his judgment of conviction on the merits after the Court of Criminal Appeals granted him an out-of-time appeal. *See Deroven*, 2000 WL 84650, at *1. An appellant is not entitled to a second direct appeal. *See McDonald v. State*, 401 S.W.3d 360, 362–63 (Tex. App.–Amarillo 2013, pet. ref'd) (dismissing third direct appeal for lack of jurisdiction); *Agbeze v. State*, No. 01–16–00739–CR, 2017 WL 1738099, at *1 (Tex. App.–Houston [1st Dist.] May 4, 2017, no pet.) (mem. op.) (per curiam) (not designated for publication) (dismissing second direct appeal for lack of jurisdiction); *Coleman v. State*, No. 03–11–00648–CR, 2011 WL 6118604, at *1 (Tex. App.–Austin Dec. 8, 2011, no pet.) (mem. op.) (not designated for publication) (same); *see also* TEX. CODE CRIM. PROC. art. 11.07; *Ater*, 802 S.W.2d at 243 (Court of Criminal Appeals stating: "We are the only court with jurisdiction in final post-conviction felony proceedings."). As an intermediate appellate court, we have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See* TEX. CODE CRIM. PROC. art. 11.07; *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding).

Because it appears we lack jurisdiction, on December 10, 2024, we ordered appellant to show cause in writing by December 27, 2024, why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. CODE CRIM. PROC. art. 11.07; *McDonald*, 401 S.W.3d at 362–63; *In re Coronado*, 980 S.W.2d at 692.

PER CURIAM

DO NOT PUBLISH